**James Doug HAMILTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 87–CA–762–MR.

Court of Appeals of Kentucky.

May 20, 1988.

Discretionary Review Denied by Supreme Court Aug. 30, 1988.

Marie Allison, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Cicely Jaracz Lambert, Vickie L. Wise, Asst. Attys. Gen., Frankfort, for appellee.

Before DYCHE, McDONALD and REYNOLDS, JJ.

DYCHE, Judge.

James Doug Hamilton was found guilty of Escape, Second Degree (KRS 520.030), by a jury in the Hart Circuit Court. He was subsequently found by the same jury to be a Persistent Felony Offender, First Degree (KRS 532.080), and his sentence of three years on the principal charge was enhanced to ten years. He now appeals, claiming two errors.

■ Hamilton asserts that he was denied his right to due process of law by the trial court's failure to suppress evidence concerning certain firearms found in his possession when he was apprehended on the

escape charge, thirty-nine days following the escape. Having reviewed the evidence in this case, especially the appellant's own testimony (against counsel's advice) which admitted the elements of the primary charge for which he stands convicted, we find any error to be harmless. RCr 9.24; *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969).

Hamilton's other assignment of error, however, is more troubling; he maintains that one of the underlying convictions was not a felony for Persistent Felony Offender purposes. The challenge relates to his sentence on November 21, 1984 for Burglary, Third Degree and Theft by Unlawful Taking over $100 (both Class D felonies), to which he entered pleas of guilty. On that date, the court "provisionally" sentenced him to five years, but commuted said sentence to twelve months in the Nelson County jail. KRS 532.070 permits court modification of felony sentence, when a jury has recommended a sentence which the trial judge feels is unduly harsh.

> When a sentence of imprisonment for a Class D felony is fixed by a jury pursuant to KRS 532.060 and the trial court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that a sentence of imprisonment is necessary but that it would be unduly harsh to impose such a sentence, the court may sentence the defendant to a definite term of imprisonment in a county or a regional correctional institution for a term of one year or less.

KRS 532.070(2).

Nowhere is the trial judge allowed to sentence a defendant to less than one year for a plea of guilty to a Class D felony. *See* KRS 532.010, .030 and .060. The twelve month sentence given appellant would appear to be invalid; since, however, no challenge on this ground was made below, we will consider the sentence facially valid for purposes of the argument presented by appellant.

We must decide, then, whether or not a felony conviction, which results in a sentence modified under KRS 532.070 to twelve months' confinement, is a "previous felony conviction" for enhancement of sentence purposes under the Persistent Felony Offender statute (KRS 532.080).

The pertinent part of that statute reads: "As used in this provision, a previous felony conviction is a conviction of a felony in this state ... provided: (a) That a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed therefor...." KRS 532.080(2).

Appellant relies on the Commentary to KRS 532.080, which states, in part: "Subsection (c) requires that the defendant must have been imprisoned for the prior offense before it can be treated as a previous felony conviction under this section. The purpose of this requirement is to restrict application of the habitual offender statute to persons who have been previously exposed to an institutional rehabilitative effort."

In addition to stating that the concept of rehabilitation is for the most part a cruel joke upon the prisoners and society to which most eventually return, we find that the statute contains no such requirement. KRS 532.080(2)(c)2. allows the use of convictions under which a defendant was probated or conditionally discharged; under those sentencing alternatives, the defendant serves no term of imprisonment, and is not exposed to any "institutional rehabilitative effort."

Under our sentencing scheme, a defendant is first sentenced to an indeterminate term of imprisonment under KRS 532.030; then, the judge may set aside that tentative sentence and further sentence the defendant to probation or conditional discharge under KRS 532.040. *Commonwealth v. Tiryung*, Ky., 709 S.W.2d 454 (1986).

Such a sentence, either within this commonwealth, or without, qualifies as a previous felony conviction under KRS 532.-080(2). *See James v. Commonwealth*, Ky., 647 S.W.2d 794 (1983), *revd. on other grounds sub nom. James v. Kentucky*, 466 U.S. 341, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984).

■ We hold that a felony conviction resulting in an initial sentence of one year

or more, which sentence is subsequently modified by the trial court pursuant to KRS 532.070(2), should be treated the same. Such an interpretation comports with the plain meaning of the statutes involved, as well as the realities of sentencing recidivists.

In the present case, appellant was, on the underlying felony now challenged, sentenced to an indeterminate term of five years, which sentence was subsequently modified by the court to a definite confinement of twelve months in the Nelson County Jail. The conviction therefore qualifies as a "previous felony conviction" under KRS 532.080.

The judgment of the Hart Circuit Court is affirmed.

REYNOLDS, J., concurs.

McDONALD, J., concurs in result only.