William Glenn SMITH, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 89–SC–431–MR.

Supreme Court of Kentucky.

April 11, 1991.

Kathy L. Hornaday, Owensboro, for appellant.

Frederic J. Cowan, Atty. Gen., Ian G. Sonego, Asst. Atty. Gen., Frankfort, for appellee.

COMBS, Justice.

William Glenn Smith was convicted of rape in the first degree (Class A felony) and sodomy in the first degree (Class A felony). The jury fixed the maximum sentence for each offense at imprisonment for life, and recommended that the sentences be served consecutively. The court sentenced Smith to two consecutive 25–year terms, for a total of 50 years.

Bringing appeal, Smith argues that the court's modification of the sentence was unauthorized, in that it results in a sentence more severe than that fixed by the jury. Considering the anomalies of current parole disability legislation, we agree.

As written, the Violent Offender Statute, KRS 439.3401, which clearly applies to Smith, and which indeed was the subject of an instruction in the sentencing phase, forecloses parole eligibility for 12 years in the event of a life sentence, and for 50 percent of the term upon a sentence to a term of years. Life sentences may not be made consecutive.[1] Imposition of the penalty fixed by the jury in this case would have entailed a 12–year parole disability, the result being in effect an indeterminate sentence of 12 years-to-life. The court's action substituted a 25–year period of parole ineligibility, and an effective sentence of 25-to-50 years. Smith was 43 years of age at the time.

It is the practical view, the appellant's view (looking to the prospect of his liberty), and our view, that the judgment sentence is clearly more severe than the sentence fixed by the jury. We recognize that KRS 532.060(2)(a),[2] implies that the General Assembly considers life imprisonment to be a penalty equal to or greater than any sentence to a term of years. From this premise the Commonwealth cogently argues that the court here *reduced* the maximum term fixed by the jury, as authorized by 532.070(1).[3] But if the premise is true, that a 50–year sentence is less severe than a life term, what rational basis exists for pre-

1. *See* KRS 532.110(1)(c).

2. "(2) The authorized maximum terms of imprisonment for felonies are:
    "(a) For a Class A felony, not less than twenty (20) years *nor more than life imprisonment*[.]" (Emphasis added.)

3. "532.070. **Court modification of felony sentence.**—(1) When a sentence of imprisonment

for a felony is fixed by a jury pursuant to KRS 532.060 and the trial court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that a sentence of imprisonment is necessary but that the maximum term fixed by the jury is unduly harsh, the court may modify that sentence and fix a maximum term within the limits provided in KRS 532.060 for the of-

scribing a doubly-long parole disability for the lesser sentence? We see none.

The power of the court to modify the maximum term of imprisonment set by the jury in felony cases derives from KRS 532.-070(1). This section is purely meliorative—the court may in its discretion modify a jury sentence which, considered in the circumstances, is found to be unduly harsh. The statute reveals no legislative intent to create a means by which the court may impose a more onerous penalty in benignant guise.

The sentence is vacated, and this matter is remanded to the trial court for re-sentencing in conformity with this opinion.

LAMBERT, LEIBSON and REYNOLDS, JJ., concur.

SPAIN, J., dissents by separate opinion, in which STEPHENS, C.J., joins.

WINTERSHEIMER, J., dissents by separate opinion.

SPAIN, Justice, dissenting.

I respectfully dissent. The majority has reversed a legitimate action of a trial judge rather than addressing the real evil of a flawed statute. Pursuant to KRS 532.070, the circuit judge modified the punishment recommended by the jury of two consecutive sentences of life imprisonment (incidentally, an illegal sentence under KRS 532.110[1][c]), and substituted the lesser sentence of two consecutive twenty-five-year terms.

There is no problem with this procedure whatever except for the provisions of KRS 439.3401 regarding minimum periods of imprisonment necessary for parole eligibility. If that statute is applied literally, the appellant would be eligible for first parole *consideration* in twelve years under the jury's recommended life sentence, but not until twenty-five years (fifty percent) under the court's sentence.

To me, the simple solution to this disparity problem (discussed comprehensively in Justice Leibson's dissent in *Huff v. Commonwealth*, Ky., 763 S.W.2d 106 at pp. 112 and 113) is to interpret this statute with a commonsense approach. Thus, when the General Assembly dictates in 439.3401(2) that twelve years shall be the minimum term to be served before one becomes eligible for parole consideration on a sentence to life imprisonment (the longest term which anyone could serve), it establishes a cap or ceiling. Applying this cap to harmonize with the provisions of 439.3401(3) results in an interpretation that, when one receives a sentence of a term of years, he must serve a minimum before parole eligibility of fifty percent (50%) of his term *or twelve (12) years, whichever is less.* So, one convicted of a B felony would serve fifty percent of his sentence, while one convicted of an A felony would serve fifty percent if his sentence is from twenty to twenty-four years, and twelve years if his sentence is for a term exceeding twenty-four years.

If this interpretation is applied to the case before us, then the appellant under the sentence pronounced by the trial judge would first be eligible for parole consideration after he has served twelve (12) years, the identical period he would have had to serve before parole consideration under the jury's life sentence recommendation.

It is submitted that this suggested interpretation of KRS 439.3401, when applied uniformly, would eliminate the disparity problem for which it is harshly criticized. This problem, incidentally, will continue to be with us. Although the General Assembly amended this statute in the 1991 Extraordinary Session in an attempt to eliminate the disparity between parole eligibility in capital offenses and lesser offenses, it did not correct the problem confronted in this case.

STEPHENS, C.J., joins in this dissent.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because I believe the trial judge correctly applied existing laws as to sentencing.

fense for which the defendant presently stands    convicted."