**COMMONWEALTH of Kentucky, Appellant,**

v.

**James DOUGHTY, Appellee.**

**No. 92–CA–2584–MR.**

Court of Appeals of Kentucky.

Jan. 28, 1994.

Chris Gorman, Atty. Gen., Frankfort, Daniel Luke Morgan, Sp. Asst. Atty. Gen., Lexington, for appellant.

Pamela S. Ledgewood, Fayette Co. Legal Aid, V. Gene Lewter, Lexington, for appellee.

Before HOWERTON, HUDDLESTON and JOHNSTONE, JJ.

*OPINION*

HOWERTON, Judge.

The Commonwealth appeals from a final judgment and sentence of the Fayette Circuit Court and the court's order denying the motion to modify the sentence. James Doughty pled guilty to driving under the influence, fourth offense, and the Common-

wealth recommended a sentence of one year. The court accepted the plea for the Class D felony, and after consideration of the nature and circumstances of the crime and the history, character, and condition of the defendant, the court concluded that imprisonment was necessary but that one year in the penitentiary would be unduly harsh and it ordered Doughty to serve 12 months in the Fayette County Detention Center less the 91 days he had already served.

The Commonwealth contends that the court acted outside the scope of its authority by imposing this sentence and that by imposing a misdemeanor sentence, it amended the felony guilty plea to a misdemeanor. We disagree and affirm. There is no question but what the offense of driving under the influence for a fourth time is a Class D felony. KRS 189A.010. The range of sentences for a Class D felony is not less than one year nor more than five years. KRS 532.060(2)(d). However, KRS 532.070(2) permits the trial court to impose a term of one year or less in a county or regional correctional institution in the case of a Class D felony which was fixed by a jury. The statute reads:

> When a sentence of imprisonment for a Class D felony is fixed by a jury pursuant to KRS 532.060 and the trial court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that a sentence of imprisonment is necessary but that it would be unduly harsh to impose such a sentence, the court may sentence the defendant to a definite term of imprisonment in a county or a regional correctional institution for a term of one (1) year or less.

■ The sole basis for the Commonwealth's argument is that the sentence was recommended by the Commonwealth and not fixed by a jury. While the language of the statute is quite clear, the legislative intent is meliorative. It gives the court discretion to modify a jury sentence which it considers to be harsh. *Smith v. Commonwealth,* Ky., 806 S.W.2d 647 (1991). If the primary purpose is to ameliorate a situation after considering the circumstances of the crime and the histo-

ry and character of the defendant, all of which Judge Meade did in this case, we fail to see any logic whatsoever in saying that a jury must have imposed the sentence. Had the jury imposed one year, it is quite clear that the court had the authority to fix the sentence as it did.

We note that the appellee is rather unconcerned about the outcome of this case, because the court certainly did Doughty no favor. He might easily have served little or no time in the penitentiary because of the possibilities of parole and credit for good time. He had already served three months of what might have been a maximum four-month sentence in the penitentiary. As it was, he was required to serve the full 12 months in the Fayette County Detention Center. The sentence at this time has been completed.

■ The Commonwealth shows concern for the fact that the conviction may be considered a misdemeanor which would not be used for further enhancement as a persistent felony offender. We find no merit in this argument. In *Hamilton v. Commonwealth,* Ky.App., 754 S.W.2d 870 (1988), this Court held that a felony conviction resulting in an initial sentence of one year which was subsequently modified by the trial court pursuant to KRS 532.070(2) is a "previous felony conviction" for enhancement of sentence purposes under the persistent felony offender statute, KRS 532.080.

The judgment of the Fayette Circuit Court is affirmed.

All concur.