**COMMONWEALTH of Kentucky, Appellant,**

v.

**Viki Lin RHODES, Appellee.**

**No. 95–CA–1189–MR.**

Court of Appeals of Kentucky.

April 19, 1996.

Chris Gorman, Attorney General, Perry T. Ryan, Assistant Attorney General, Joseph T. Bouvier, Special Assistant Attorney General, Frankfort, for appellant.

James I. Lowry, IV, Lexington, for appellee.

Before GARDNER, JOHNSON and MILLER, JJ.

GARDNER, Judge:

The Commonwealth of Kentucky appeals from an order of the Fayette Circuit Court which probated the one-year sentence of Viki Lin Rhodes (Rhodes). Rhodes had pled guilty to one count of driving under the influence of intoxicants, fourth offense, and one count of operating a motor vehicle on a suspended license, and as a condition of her probation, received 120 days home incarceration. We must reverse and remand.

On July 28, 1994, the Fayette County Grand Jury indicted Rhodes on one count of driving under the influence of intoxicants (DUI), fourth offense, and one count of operating a motor vehicle on a suspended license.

On February 3, 1995, Rhodes pled guilty under a plea agreement with the Commonwealth, and was sentenced to a total of one year imprisonment, probated for five years on the condition that she serve 120 days home incarceration. The Commonwealth's objection to the probated sentence was overruled, and this appeal followed.

Kentucky Revised Statute (KRS) 189A.010 sets forth the sentencing guidelines for DUI convictions. KRS 189A.010(5) provides in relevant part as follows: "For a fourth or subsequent offense under this section, the minimum term of imprisonment shall be one hundred twenty (120) days, and this term shall not be suspended, probated, or subject to conditional discharge or other form of early release." The Commonwealth argues that this provision clearly mandates a term of imprisonment for a fourth DUI conviction and further prohibits a trial court from probating the 120-day minimum sentence. It maintains that the trial judge had no discretion in this matter and that her entry of a probated sentence for Rhodes' fourth DUI conviction is clearly erroneous.

Rhodes, on the other hand, maintains that her confinement to home incarceration is a "term of imprisonment" for purposes of KRS 189A.010(5). Furthermore, she points to KRS 532.070(2), which states as follows:

> When a sentence of imprisonment for a Class D felony is fixed by a jury pursuant to KRS 532.060 and the trial court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that a sentence of imprisonment is necessary but that it would be unduly harsh to impose such a sentence, the court may sentence the defendant to a definite term of imprisonment in a county or a regional correctional institution for a term of one (1) year or less.[1]

Rhodes argues that KRS 532.070(2) which allows for a Class D felony sentence to be reduced to less than one year would further allow the trial judge to treat a person con-

---

1. KRS 532.060 states in relevant part that the sentence for a Class D felony shall not be less than one year nor more than five years.

victed of a Class D felony as a misdemeanant for purposes of sentencing. Citing KRS 532.200–250, she contends that as a misdemeanant, she was eligible for probated sentence conditioned on home incarceration.

Having closely studied the arguments of counsel, we believe the trial judge committed reversible error by ordering the mandatory minimum 120–day sentence to be served via home incarceration and that the matter must be reversed and remanded. While KRS 532.070(2) provides in relevant part that the trial court, upon considering the nature and circumstances of the crime and the history and character of the defendant, may reduce the term of imprisonment for a Class D felony to a term of one year or less[2], and that this sentence may be probated, KRS 189A.010 is clear and unambiguous in its requirement that at least 120 days of that sentence shall not be probated. On the issue of where this 120–day sentence must be served, we note that home incarceration is available to a misdemeanant but not to a felon. KRS 532.210. In the matter at bar, the trial judge opined that since KRS 532.070(2) allows a Class D felony sentence to be reduced to less than a year, she could treat Rhodes as a misdemeanant rather than a felon and order home incarceration. We have previously held, however, that a person whose Class D felony sentence is reduced under KRS 532.070(2) does not become a misdemeanant by virtue of the reduction but remains a felon. *Commonwealth v. Doughty,* Ky.App., 869 S.W.2d 53 (1994). Thus, Rhodes, as a felon, cannot petition the court for home incarceration.

Rather than probate Rhodes' sentence on the condition that she serve 120 days home incarceration, the trial court must order that Rhodes serve at least 120 days in a correctional facility. This sentence may be served in a county or regional correctional institution. KRS 532.070(2); *Commonwealth v. Doughty,* 869 S.W.2d at 54. The balance of the sentence, if any, may be probated or served at the trial court's discretion.

For the foregoing reasons, the order of the Fayette Circuit Court is reversed and remanded for proceedings consistent with this opinion.

JOHNSON, J., concurs.

MILLER, J., dissents without separate opinion.

---

**2.** Though KRS 532.070(2) states that such a reduction is available only where the sentence was fixed by a jury, we have held that it is also applicable to proceedings conducted without a jury. *Commonwealth v. Doughty,* Ky.App., 869 S.W.2d 53 (1994),