Mark Anthony BAILEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee,

and

Tony Lamar Wright, Appellant,

v.

Commonwealth of Kentucky, Appellee.

Nos. 2000–SC–0329–DG, 2000–SC–0330–DG.

Supreme Court of Kentucky.

March 21, 2002.

V. Gene Lewter, Fayette County Legal Aid, Inc., Lexington, Counsel for Appellants.

A.B. Chandler, III, Attorney General, Gregory C. Fuchs, John E. Zak, Assistant Attorneys General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellees.

STUMBO, Justice.

Appellant, Mark Anthony Bailey, was indicted on March 8, 1999 for Operating a Motor Vehicle Under the Influence of Alcohol, Third Offense, with Breath Alcohol Level of .18 or above; Operating a Motor Vehicle on A Suspended License for Driving Under the Influence, Second Offense; and Disregarding a Traffic Control Device. He subsequently entered a guilty plea in exchange for a recommended sentence of one year in prison on Count One, thirty (30) days on Count Two, and a dismissal of Count Three. The trial court instead sentenced Appellant to twelve (12) months in jail, pursuant to KRS 532.070(2). Appellant objected to that sentence at the time that it was handed down, which objection the court duly noted. Appellant then appealed to the Court of Appeals, which affirmed the sentence imposed by the trial judge. Appellant now appeals to this Court.

Appellant, Tony Lamar Wright, was indicted on February 22, 1999 for Possession of Cocaine and Criminal Trespass, Third Degree. He pled guilty in exchange for a recommended sentence of one (1) year in

prison for Possession, and dismissal of the Trespass charge. The trial court instead sentenced Appellant to twelve (12) months in jail, pursuant to KRS 532.070(2). Appellant objected to that sentence at the time that it was handed down, which objection the court duly noted. Appellant then appealed to the Court of Appeals, which affirmed the sentence imposed by the trial judge. Appellant now appeals to this Court.

We reverse as to both Appellants.

### KRS 532.070(2)

KRS 532.070(2) states as follows:

When a sentence of imprisonment for a Class D felony is *fixed by a jury* pursuant to KRS 532.060 and the trial court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that a sentence of imprisonment is necessary but that it would be *unduly harsh* to impose such a sentence, the court may sentence the defendant to a definite term of imprisonment in a county or a regional correctional institution for a term of one (1) year or less. (emphasis added).

Appellants both contend that it was improper for the trial court to apply KRS 532.070(2) to their sentencing, as neither was convicted by a jury. Further, they allege, the trial judge did not sentence them to twelve (12) months in jail because she believed the recommended prison sentence to be too harsh, but rather because she wanted to impose a sentence which was, in reality, more harsh. Both assert that a prison sentence would have been preferable because there is a possibility for early parole from prison which does not exist to the same degree with a jail sentence, the facilities at a prison are superior to those of a jail, and rehabilitation and other programs are available to inmates in

prison that are not available to those in jail. Appellants claim that the trial judge's use of KRS 532.070(2) to sentence them to twelve (12) months in jail was contrary to the ameliorative intent of the statute.

The plain language of KRS 532.070(2) states that the statute can be used to modify a sentence "fixed by a jury" pursuant to KRS 532.060. "The literal language of the statute is both plain and unambiguous and must be given effect as written." *Commonwealth v. Harrelson*, Ky., 14 S.W.3d 541, 547 (2000). See also *Lynch v. Commonwealth*, Ky., 902 S.W.2d 813 (1995). Therefore, KRS 532.070(2) can be applied by a trial judge where a sentence of imprisonment for a Class D felony is fixed by a jury, and only where it is fixed by a jury.

The Court of Appeals in *Commonwealth v. Doughty*, Ky.App., 869 S.W.2d 53 (1994) has previously held that KRS 532.070(2) could be applied to a sentence recommended by the Commonwealth in a plea agreement, as well as in a sentence fixed by jury. Review of that decision was not sought in this Court, nor have we previously considered this issue. In *Doughty*, the Court noted that the statutory language was clear, but that the primary purpose of the legislation was ameliorative, thus the Court of Appeals could see no "logic" in allowing a trial judge to ameliorate a sentence by a jury which he or she regards as too harsh, but not to provide that latitude when the recommended sentence comes by way of a plea bargain. While we agree that the language of the statute is clear, i.e. that the statute applies only where a jury sets the sentence, and that the purpose of the statute is ameliorative, ours is to follow the plain language of the statute and the intent of the legislature, if not the logic.

Assessing the wisdom of legislative action is not within the purview of the judiciary. *Commonwealth v. Allen,* Ky., 980 S.W.2d 278, 281 (1998). The language of the statute is very clear and, to the extent that *Commonwealth v. Doughty,* Ky.App., 869 S.W.2d 53 (1994) allowed KRS 532.070(2) to be utilized where sentencing was fixed other than by a jury, that case is hereby overruled.

■ KRS 532.070(2) is, as recognized by *Doughty* and *Smith v. Commonwealth,* Ky., 806 S.W.2d 647 (1991), ameliorative in nature. It is specifically to be utilized where a trial judge believes, based upon the nature and circumstances of the crime and the history and character of the defendant, that a jury sentence for a Class D felony is *too harsh.*

■ In Appellant Bailey's case, the trial judge noted that his offense, Operating a Motor Vehicle Under the Influence of Alcohol, Third Offense, with Breath Alcohol Level of .18 or above; Operating a Motor Vehicle on A Suspended License for Driving Under the Influence, Second Offense; and Disregarding a Traffic Control Device, was "extremely serious." She also noted that Appellant had a "significant prior record," and that he was in need of correctional treatment. Appellant's PSI report showed twenty-seven (27) prior entries on his record, and that in this instance, he had attempted to evade police. In denying probation to Bailey, the court noted the following:

(1) imprisonment is necessary for the protection of the public;

(2) there is a substantial risk that the defendant would commit another crime during any period of probation;

(3) the defendant is in need of correctional treatment that can be provided most effectively by commitment to a correctional institution;

(4) probation would unduly depreciate the seriousness of the crime;

(5) due to the defendant's prior criminal record;

(6) due to the defendant's alcoholism;

(7) due to the defendant's drug addiction;

(8) due to the defendant's failure to benefit from previous probation;

(9) due to the dangerous nature of defendant's crime; and,

(10) due to the deliberate nature of defendant's crime.

Yet, in the face of these circumstances and Appellant's prior criminal history, the trial judge indicated that she felt the sentence of one (1) year in prison, the minimum sentence for a Class D felony, to be too harsh and utilized KRS 532.070(2) to instead sentence him to twelve (12) months in jail.

Appellant, Wright, was eighteen (18) years of age when he committed the crime herein and when sentenced. He was arrested and charged with the Class C felony offense of Trafficking in Cocaine, but was indicted on the Class D felony offense of Possession. His PSI showed nine (9) prior arrests as a juvenile, including possession of cocaine and trafficking in a controlled substance. He had also been charged with two other crimes, as an adult, in the same month as the offense herein. Appellant had specified that he did not wish to be placed on probation because he did not want to have to answer to a probation officer. In denying probation, the trial judge noted the following:

(1) imprisonment is necessary for the protection of the public;

(2) there is a substantial risk that the defendant would commit another

crime during any period of probation;

(3) the defendant is in need of correctional treatment that can be provided most effectively by commitment to a correctional institution;

(4) probation would unduly depreciate the seriousness of the crime;

(5) due to the defendant's prior criminal record;

(6) due to the deliberate nature of defendant's crime;

(7) due to the defendant's failure to benefit from previous probation; and,

(8) due to the defendant's anti-social attitude.

The trial judge again used KRS 532.070(2) to sentence Appellant to twelve (12) months in jail, stating that, due to Appellant's age, she did not want to send him to prison.

The effect of the trial court's modification is clearly a more severe sentence than the sentence negotiated in the plea bargains. In *Smith v. Commonwealth*, Ky., 806 S.W.2d 647 (1991), we looked beyond the facade of amelioration in the application of KRS 532.070(1) by the trial court and we now do the same with the application of KRS 532.070(2).

KRS 532.070(1) allows a trial judge to modify a sentence fixed by a jury for a felony conviction which the trial judge believes to be too harsh, based, as in subsection (2), on the nature and circumstances of the crime and the history and character of the defendant, and to fix a sentence within the permissible range for the crime of which the defendant has been convicted. KRS 532.070(2) allows for modification by the trial judge where the defendant is convicted of a Class D felony, and allows the trial judge to sentence the defendant to up to one (1) year in jail, rather than one (1) to five (5) years in prison. Both provisions seek to ameliorate a sentence which the judge believes to be unduly harsh. As we recognized in *Smith v. Commonwealth*, Ky., 806 S.W.2d 647 (1991), it is improper for a trial judge to use these provisions to "impose a more onerous penalty in benignant guise." *Id.* at 648.

In *Smith*, the defendant was convicted of rape in the first degree and sodomy in the first degree. The jury fixed a sentence of life in prison on each offense. The trial court, however, sentenced Smith to two (2) consecutive 25–year terms, for a total of fifty (50) years. Smith asserted on appeal that the court's modification of his sentence was unauthorized as it resulted in a sentence which was more severe than that fixed by the jury.

Under parole disability legislation at the time, the sentence fixed by the jury would have resulted in Smith being eligible for parole after twelve (12) years, while the sentence imposed by the trial court resulted in Smith being eligible for parole after twenty-five (25) years, resulting in an effective sentence of twenty-five (25) to fifty (50) years. This Court recognized in *Smith* that the sentence set by the trial court was more severe than that fixed by the jury. We recognize that here as well, and vacate the sentence imposed by the trial court. This matter is remanded to the trial court for re-sentencing in conformity with this opinion.

LAMBERT, C.J.; COOPER, JOHNSTONE, and WINTERSHEIMER, JJ., concur.

KELLER, J., concurs in result only.

GRAVES, J., would affirm the Court of Appeals.