RENDERED: MARCH 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0360-MR

BROOKE L. KENNEDY                                                           APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 17-CR-00062-004

COMMONWEALTH OF KENTUCKY                                       APPELLEE

AND

NO. 2024-CA-0774-MR

KRISHAUN MAYS                                                               APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 17-CR-00062-001

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE: In this consolidated appeal, Krishaun Mays and Brooke L. Kennedy appeal from the denial of post-judgment motions following their criminal convictions resulting from the December 26, 2016 robbery and murder of Jared Banta in Franklin County, Kentucky. Mays argues that the circuit court improperly denied his motion pursuant Kentucky Rules of Criminal Procedure (RCr) 11.42 to vacate his judgment and sentence. Kennedy argues that the circuit court erred in denying her Kentucky Rules of Civil Procedure (CR) 60.02 motion to amend her conviction from complicity to robbery in the first degree to complicity to robbery in the second degree, and to reduce her sentence. After careful review, we find no error and affirm the orders on appeal.

## **APPEAL OF KRISHAUN MAYS**

### FACTS AND PROCEDURAL HISTORY

On February 14, 2017, Mays was indicted by a Franklin County grand jury on charges of murder and robbery in the first degree.[1] Kennedy and three other co-defendants were indicted on charges of complicity to murder and complicity to robbery in the first degree. The indictments arose from the murder of

---

[1] Kentucky Revised Statutes (KRS) 507.020 and KRS 515.020.

Banta on December 26, 2016, which resulted after a scheme by Mays and his co-defendants to rob Banta. Mays was 17 years old at the time of the murder.

Mays' appointed counsel had Mays' mental capacity evaluated by Dr. Eric Drogin, who determined that Mays had an IQ of 72. Counsel sought this information as a possible basis for arguing that Mays' lower than average IQ could be a mitigating factor. Counsel did not challenge Mays' competency.

On January 9, 2020, Mays' counsel filed a RCr 8.07(2) motion to introduce this evidence at trial. A hearing on the motion was conducted, at which time the Commonwealth sought to have Mays evaluated at the Kentucky Correctional Psychiatric Center (KCPC) for rebuttal purposes. Both requests were granted, and the matter was set for trial.

On March 6, 2020, and prior to trial, Mays entered a guilty plea in exchange for the Commonwealth's recommendation of a 20-year sentence on the murder charge, a five-year sentence on an amended charge of robbery in the second degree,[2] and both sentences to be served consecutively for a total of 25 years in prison. Mays participated in a plea colloquy where he stated that he was satisfied with counsel's representation, understood the nature of his plea, and that he was waiving his right to a jury trial and an appeal. Based on the plea, the parties agreed that the KCPC order could be rescinded.

---

[2] KRS 515.030.

The matter moved to sentencing on May 20, 2020. Mays' counsel unsuccessfully sought probation based on counsel's claim that Mays' IQ demonstrated that he was only "borderline competent." The court then sentenced Mays in accordance with the Commonwealth's recommendation.

On July 21, 2023, Mays, *pro se*, filed a motion for RCr 11.42 relief from judgment. In support of the motion, Mays argued that his counsel was ineffective in failing to move to withdraw his guilty plea; in failing to ensure that the KCPC evaluation was completed; in failing to file a direct appeal from his guilty plea; and, failing to prosecute an interlocutory appeal from an order denying his request to change venue. According to the record, the Commonwealth agreed that the KCPC evaluation should have been conducted, and stated that a retrospective hearing on the matter could be conducted.

On January 25, 2024, and May 23, 2024, the circuit court entered orders denying Mays' motion for RCr 11.42 relief.[3] The court found that no further competency hearings were necessary, as Mays' own expert, Dr. Drogin, found Mays to be competent and his evaluation had been for mitigation purposes only. The court also noted that it was the Commonwealth, not Mays, which

---

[3] The first order denied in part Appellant's motion for RCr 11.42 relief and reserved in part for later adjudication additional portions of Appellant's motion pending a response from the Commonwealth. The court's second order disposed of Appellant's motion *in toto*; denied his request for counsel on the RCr 11.42 motion; and, stated that it would appoint appellate counsel if requested by Appellant.

requested the KCPC evaluation for possible rebuttal purposes, and that this request

was rendered moot by virtue of Mays' guilty plea.  The court determined that

Mays' arguments were refuted by the record; therefore, no evidentiary hearing was

required.  It denied Mays' motion for relief and this appeal followed.

## STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, Mays

must show two things:

> First, the defendant must show that counsel's
> performance was deficient.  This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment.  Second, the defendant must show
> that the deficient performance prejudiced the defense.
> This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "[T]he proper standard for

attorney performance is that of reasonably effective assistance."  *Id.*

> An error by counsel, even if professionally
> unreasonable, does not warrant setting aside the
> judgment of a criminal proceeding if the error had no
> effect on the judgment.  The purpose of the Sixth
> Amendment guarantee of counsel is to ensure that a
> defendant has the assistance necessary to justify reliance
> on the outcome of the proceeding.  Accordingly, any
> deficiencies in counsel's performance must be prejudicial
> to the defense in order to constitute ineffective assistance
> under the Constitution.

*Id.* at 691-92 (citation omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

ARGUMENTS AND ANALYSIS

Mays, *pro se*, argues that the Franklin Circuit Court abused its discretion in denying his motion for RCr 11.42 relief. He first contends that his counsel was ineffective for negotiating a plea agreement before ensuring the KCPC evaluation was completed. He maintains that there is no evidence in the record demonstrating that he was competent to enter into a guilty plea, and that the KCPC evaluation might have shown that he lacked the IQ to understand the guilty plea or to be held culpable if the matter proceeded to trial. On this basis, Mays asserts that he did not receive the effective assistance of counsel to which he was entitled, as effective assistance would have included staying the plea negotiation process until the KCPC hearing was completed.

KRS 532.135 states that,

(1) At least one hundred twenty (120) days before trial, the defendant shall file a motion with the trial court wherein the defendant may allege that he or she is a defendant with a serious intellectual disability or a defendant with serious mental illness and present evidence with regard thereto. The Commonwealth may offer evidence in rebuttal.

(2) At least ninety (90) days before the beginning of the trial, the court shall determine whether or not the defendant is a defendant with a serious intellectual disability or a defendant with serious mental illness, in accordance with the criteria set forth in KRS 532.130.

(3) The decision of the court shall be placed in the record.

(4) The pretrial determination of the trial court shall not preclude the defendant from raising any legal defense during the trial. If it is determined the defendant is a defendant with a serious intellectual disability or a defendant with serious mental illness, he or she shall be sentenced as provided in KRS 532.140.

Mays' counsel did not allege before the circuit court that Mays had a serious intellectual disability per KRS 532.135. Rather, counsel moved under RCr 8.07(2)(A) "to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on – (i) the issue of guilt; (ii) the issue of punishment; or (iii) the issue of guilt and the issue of punishment[.]" The motion was granted. In response, the Commonwealth moved pursuant to RCr 8.07(2)(B) for an order directing Mays to be examined at the KCPC for the purpose of rebutting Mays' expert. As noted above, both motions were granted.

The question for our consideration on Mays' first argument is whether counsel's failure to stay the plea negotiation process until the KCPC evaluation was completed constituted ineffective assistance of counsel sufficient to require reversal of Mays' conviction. Early in the proceedings, Mays' counsel moved *ex parte* for funds pursuant to KRS 31.185 to retain Dr. Eric Drogin to provide forensic psychological consultation for mitigation purposes. That motion was granted on October 15, 2019. At a status conference conducted on January 15, 2020, counsel informed the court that he had filed a notice pursuant to RCr 8.07(2) that at trial, he intended to introduce evidence that Mays had an IQ of 72.

Counsel expressly and repeatedly stated that Dr. Drogin opined that Mays was competent, and that the introduction of Mays' IQ at trial would be solely for mitigation purposes. In its January 24, 2024 order, the circuit court found that it had never been given any indication that Mays' competency was at issue. This conclusion is supported by the record. Mays' own expert found him to be competent. Mays' counsel repeatedly stated that Mays' competency was not at issue. The KCPC evaluation was never intended to rebut Mays' claim of incompetency as no such claim was ever made. Rather, the Commonwealth moved for the KCPC evaluation as provided for by RCr 8.07(2)(B), and for the sole purpose of rebutting counsel's contention that Mays has a low IQ.

In order to prevail on his claim of ineffective assistance of counsel on this issue, Mays has the burden of demonstrating that counsel's performance was deficient. *Strickland*, 466 U.S. at 691-92. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment, and that there is a reasonable probability that but for the deficiency the outcome of the proceeding would have been different. *Id.*

Here, Mays can point to nothing in the record supportive of his claim that counsel improperly engaged in plea negotiations before the KCPC evaluation was conducted, nor that such a failure may be characterized as ineffective assistance. Mays' competency was never at issue because Mays' own expert found him to be competent. The circuit court properly concluded that Mays was not entitled to RCr 11.42 relief on this issue. Because the matter was justiciable from the record, no hearing was required. *Stanford*, 854 S.W.2d at 743-44.

Mays also argues that his trial counsel was ineffective in failing to move to withdraw his guilty plea. He claims that counsel assured him that he would get probation if he pleaded guilty; that a legal assistant subsequently told Mays that probation was not guaranteed; and, that when Mays learned that probation was not guaranteed, he told his counsel to withdraw the guilty plea. The

failure to seek a withdrawal of the guilty plea, Mays contends, constitutes ineffective assistance of counsel entitling him to RCr 11.42 relief.

RCr 8.10 provides in relevant part that, "[a]t any time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." "Though an RCr 8.10 motion is generally within the sound discretion of the trial court, a defendant is entitled to a hearing on such a motion whenever it is alleged that the plea was entered involuntarily." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006) (citations omitted). However, "a defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge." *Id.* at 568 (citation omitted).

Here, Mays expressly represented during the plea colloquy in open court that his plea was voluntary. "Solemn declarations in open court carry a strong presumption of verity." *Simms v. Commonwealth*, 354 S.W.3d 141, 144 (Ky. 2011) (citation omitted). This declaration contradicts the claim now before us that he did not want to enter a guilty plea. Further, and as noted by the circuit court, Mays has made contradictory claims – both that counsel promised probation resulting from a guilty plea, and that Mays knew there was no guarantee of probation.

-10-

Turning to *Strickland*, an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Mays has presented no basis for concluding that his trial counsel erred in failing to seek a withdrawal of Mays' plea, nor for concluding that the alleged error had any effect on the judgment.

Mays did not enter a guilty plea in a vacuum. Rather, in return for the plea he received an amended charge of robbery in the second degree, and eliminated his risk of receiving a life sentence on the murder charge had the matter gone to trial.[4] The Commonwealth was prepared to offer substantial proof in support of the charges of murder and first-degree robbery, including a video of the murder, text messages between the co-defendants, and testimony from Mays' grandmother that she had taken Mays to the hospital for injuries allegedly resulting from the incident. This is all to say that the guilty plea was part of a reasoned strategy to eliminate the possibility of many additional decades of imprisonment had the matter proceeded to trial.

Again, it is not enough for Mays to show that the alleged error had some conceivable effect on the outcome of the proceedings. *Strickland*, 466 U.S. at 693. Rather, Mays must show that there is a reasonable probability that, but for

---

[4] *See* KRS 640.040 and KRS 532.060.

counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Mays has not met this burden, and we find no error.

Lastly, Mays argues that he received ineffective assistance when his counsel failed to prosecute an appeal from his criminal judgment. While acknowledging that a guilty plea waives certain rights including the right to appeal, he contends that the instant facts fall within one of the limited exceptions to that rule. Specifically, Mays argues that questions of competency to enter a plea survive the entry of the plea and are subject to appeal. On this basis, he requests an opinion reversing the orders denying his motion for RCr 11.42 relief.

> Entry of a voluntary, intelligent plea of guilty has long been held by Kentucky Courts to preclude a post-judgment challenge to the sufficiency of the evidence. The reasoning behind such a conclusion is obvious. A defendant who elects to unconditionally plead guilty admits the factual accuracy of the various elements of the offenses with which he is charged. By such an admission, a convicted appellant forfeits the right to protest at some later date that the state could not have proven that he committed the crimes to which he pled guilty. To permit a convicted defendant to do so would result in a double benefit in that defendants who elect to plead guilty would receive the benefit of the plea bargain which ordinarily precedes such a plea along with the advantage of later challenging the sentence resulting from the plea on grounds normally arising in the very trial which defendant elected to forego.

*Taylor v. Commonwealth*, 724 S.W.2d 223, 225 (Ky. App. 1986) (citations omitted).

A waiver of the right to appeal in a guilty plea does not extinguish all appealable issues. Rather, some issues survive an express waiver of the right to appeal. These issues include competency to plead guilty [and] whether the plea complied with the requirements of *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)[.]

*Grigsby v. Commonwealth*, 302 S.W.3d 52, 54 (Ky. 2010) (internal quotation marks and citations omitted).

Mays argues that he was not competent to plead guilty, and that his counsel's failure to bring an appeal on that issue constituted ineffective assistance. This claim is refuted by the record. Again, Mays' own expert found him to be competent, and the circuit court determined that Mays' competency was never at issue until Mays raised the issue three years after his judgment was entered. While Mays' expert found him to have a diminished IQ, the Kentucky Supreme Court has held "that a low IQ alone is an insufficient basis for find[ing] the statement was involuntary." *Parrish v. Commonwealth*, 272 S.W.3d 161, 177 (Ky. 2008) (internal quotation marks and citations omitted). The Franklin Circuit Court properly determined that Mays' counsel did not fail to provide effective assistance of counsel by not prosecuting an appeal from Appellant's conviction, and we find no error.

## APPEAL OF BROOKE L. KENNEDY

## FACTS AND PROCEDURAL HISTORY

On February 14, 2017, a Franklin County grand jury indicted Kennedy for complicity to commit robbery in the first degree and complicity to murder, also arising from the murder of Banta on December 26, 2016.[5] On May 17, 2017, Kennedy pleaded guilty to complicity to commit robbery in the first degree and the reduced charge of criminal facilitation to murder.[6] On October 20, 2018, the circuit court sentenced Kennedy in accordance with the Commonwealth's recommendation to 10 years in prison on the complicity to commit robbery in the first degree charge, and 5 years on the facilitation to murder charge, to be served consecutively for a total of 15 years in prison.

On November 7, 2022, Kennedy, *pro se*, filed a motion in Franklin Circuit Court pursuant to CR 60.02(a), (e), and (f) to amend the judgment. In support of the motion, Kennedy cited *Commonwealth v. Doughty*, 869 S.W.2d 53 (Ky. App. 1994), for the proposition that after a plea of guilty, a trial court may exercise its discretion in reducing a defendant's sentence after having considered the circumstances of the crime and character of the defendant. She asked the court to reduce her conviction from complicity to commit robbery in the first degree to

---

[5] KRS 515.020; KRS 502.020; and, KRS 507.020.

[6] KRS 506.080.

complicity to commit robbery in the second degree, with a commensurate reduction in her sentence. She also sought to proceed *in forma pauperis*. The basis of her request was that she had turned her life around, needed to care for her grandmother, and was remorseful for her role in Banta's murder.

On August 14, 2023, the Franklin Circuit Court entered an order granting in part and denying in part Kennedy's motion to proceed *in forma pauperis*. It also denied her motion to amend her final judgment. As a basis for the denial of her motion to amend, the court determined that the motion was not timely filed as about four years has elapsed between the entry of judgment and the motion. It further ruled that even if the motion were timely, Kennedy had not articulated any basis for relief. This appeal followed.

## STANDARD OF REVIEW

In *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983), the Kentucky Supreme Court set out the procedure for a post-conviction collateral attack on a judgment. It stated,

> [w]e hold that the proper procedure for a defendant aggrieved by a judgment in a criminal case is to directly appeal that judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken.
>
> Next, we hold that a defendant is required to avail himself of RCr 11.42 while in custody under sentence or on probation, parole or conditional discharge, as to any ground of which he is aware, or should be aware, during

-15-

the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding. The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

*Id.* "CR 60.02 . . . may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) (citation omitted).

## ARGUMENTS AND ANALYSIS

Kennedy, *pro se*, argues that the Franklin Circuit Court committed reversible error in denying her motion for CR 60.02 relief. For the first time, Kennedy now argues that she received ineffective assistance of counsel resulting in an excessive sentence. Specifically, Kennedy states that between the entry of her guilty plea and sentence, the then-Commonwealth Attorney recused from the case and was replaced by former Commonwealth Attorney Ron Goldy. When the case against Kennedy's co-defendant, Victorya Paige Young, was set for trial, it came to light that Mr. Goldy had failed to provide Young with required witness statements. This resulted in a plea agreement more favorable to Young than that offered to and accepted by Kennedy. Young was subsequently granted shock probation. The focus of Appellant's argument is that her trial counsel was ineffective in failing to secure the same favorable sentencing received by Young.

-16-

Kennedy's motion below was brought under CR 60.02(a), (e), and (f). In disposing of the motion, the Franklin Circuit Court found that ground (a) must be raised within one year after the judgment, and that grounds (e) and (f) must be raised "within a reasonable time" per CR 60.02. After citing supportive case law, the court then ruled that Kennedy's motion – brought some four years after the judgment – was not timely. It further ruled that even if it were timely, Kennedy was still not entitled to the relief sought because she knowingly and voluntarily accepted the Commonwealth's plea offer.

Kennedy's argument that her counsel was ineffective in failing to secure a sentence as favorable as that received by Young must fail for at least two reasons. First, we are "without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989) (citations omitted). Kennedy did not present her claim of ineffective assistance to the circuit court. Second, the parties and the courts are constrained by the procedure for a post-conviction collateral attack on a judgment set out in *Gross*, 648 S.W.2d at 857. Kennedy was required to raise any known issues on direct appeal, then via RCr 11.42, and then by way of CR 60.02. *Gross*, 648 S.W.2d at 857. And per *Gross*, Kennedy is foreclosed from raising any questions under CR 60.02 which are issues that could reasonably have been raised via RCr

11.42. A claim of ineffective assistance of counsel is precisely the type of issue which should have been raised, if at all, by way of RCr 11.42.

Finally, and *arguendo*, even if Kennedy's claim were properly before us as both timely filed and in conformity with the procedure for a post-conviction collateral attack on a judgment, her claim of error would nevertheless fail. Her underlying argument as to the unfairness of receiving a harsher sentence than a co-defendant is not a "reason of an extraordinary nature justifying relief" per CR 60.02(f), especially as that sentence resulted from a plea offer which Kennedy knowingly and voluntarily accepted.

## CONCLUSION

For the foregoing reasons, we affirm the orders of the Franklin Circuit Court denying Mays' motion for RCr 11.42 relief and Kennedy's motion to amend her conviction and reduce her sentence under CR 60.02(a), (e), and (f).

ALL CONCUR.

BRIEF FOR APPELLANT
KRISHAUN MAYS:

Krishaun Mays, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE BROOKE L.
KENNEDY:

Brooke L. Kennedy, *pro se*
Pewee Valley, Kentucky

BRIEFS FOR THE
COMMONWEALTH OF
KENTUCKY:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pike
Assistant Attorney General
Frankfort, Kentucky