N.T.G., a Minor, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2005–CA–000035–DG.

Court of Appeals of Kentucky.

Feb. 17, 2006.

---

Timothy G. Arnold, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Ken W. Riggs, Assistant Attorney General, Frankfort, KY, for appellee.

Before GUIDUGLI and JOHNSON, Judges; HUDDLESTON, Senior Judge.[1]

---

**3.** Kentucky Rules of the Supreme Court.

**1.** Senior Judge Joseph R. Huddleston, sitting as Special Judge by assignment of the Chief

## OPINION

GUIDUGLI, Judge.

This case involves an order of the Juvenile Division of the Hart District Court imposing fifteen days in detention on N.T.G., a thirteen-year-old child. Although the days in detention were probated, N.T.G. appealed the order to the Hart Circuit Court contending KRS 635.060 prohibits imposition of confinement in detention if the child is under fourteen years of age. The Hart Circuit Court affirmed the dispositional order based upon the fifteen days being probated, relying on *X.B. v. Commonwealth.*[2] We reverse and remand.

The facts of the case as stated by the Hart Circuit Court are as follows:

On July 9, 2004, juvenile complaints were taken against [N.T.G.], age thirteen (13). The first complaint alleged that [N.T.G.] had committed Burglary, Second Degree, Class C Felony, by unlawfully entering the residence of Roy and Kristy Mathis. The second complaint alleged that [N.T.G.] had committed Theft By Unlawful Taking Under $300.00, Class A Misdemeanor, by consuming a bologna, cheese sandwich and beverage while at the same residence. The third complaint alleged that [N.T.G.] had committed Criminal Mischief, Third Degree, Class B Misdemeanor, by unlawfully kicking and breaking the door to said residence.

On August 12, 2004, [N.T.G.] admitted his guilt to the following offenses: Criminal Trespass, First Degree, Class A Misdemeanor, Theft by Unlawful Taking Under $300.00, Criminal Mischief, Third Degree. At the disposition hearing, [N.T.G.] was sentenced to fifteen (15) days, and that sentence was probated

upon certain terms and conditions, including payment of restitution and no unlawful contact with his co-defendant. On appeal, [N.T.G.] asserts that the juvenile court committed reversible error when it imposed that disposition. This Court has determined that the issues raised on appeal can be addressed and adjudicated without the necessity of oral arguments.

On appeal to the Hart Circuit Court, N.T.G. argued that the juvenile court had failed to impose the least restrictive alternative method of treatment as mandated by KRS 630.120(4) and that the juvenile court was without authority to impose fifteen days of detention upon a thirteen-year-old. The circuit court summarily dismissed N.T.G.'s first argument finding it was without merit because the least restrictive alternative method of treatment deals with removal of a child which was not applicable herein. That issue has not been appealed and is not before this Court.

As to N.T.G.'s second argument that KRS 635.060 prohibits detention for a child under fourteen, the circuit court held:

[N.T.G.] next asserts that the juvenile court erred because it was without any authority to impose fifteen (15) days of detention upon a thirteen (13) year old. To support this position, [N.T.G.] has argued that KRS 645.060[sic] only allows the Hart District Court to confine juveniles from ages fourteen (14) through eighteen (18). This Court rejects [N.T.G.'s] argument based upon the following: (1) KRS 645.060(2)[sic] does not preclude a thirteen (13) year old from being placed on probation; and (2) the Kentucky Court of Appeals has previously vacated and remanded a disposition of a thirteen (13) year old child

---

Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. 105 S.W.3d 459 (Ky.App.2003).

to require a juvenile court to consider probation. *See X.B. v. Commonwealth,* Ky.App., 105 S.W.3d 459 (2003).

Based upon the foregoing, the circuit court affirmed the dispositional order of the juvenile court. N.T.G. then petitioned this Court for discretionary review. The petition was granted, and we review the matter herein.

On appeal, N.T.G. sets forth the issue as follows, "Can a juvenile court probate a sentence that it would not be permitted to impose directly at disposition?" While N.T.G. freely concedes that the juvenile court could have probated any sentence it could have directly imposed, he vigorously argues that the court could not probate a sentence it could not directly impose, *i.e.,* detention. The Commonwealth responds by maintaining that the issue was not properly preserved for appellate review. It contends that at the dispositional hearing, N.T.G. objected to the probated fifteen days in detention because it was arbitrary and unduly harsh for a first-time offender and not because of the age limitation contained in KRS 635.060. In fact, at the dispositional hearing, the public advocate representing N.T.G. first learned of N.T.G.'s age after she had objected to the disposition as being arbitrary and harsh.[3] As such, the Commonwealth claims N.T.G. is attempting to feed the juvenile court one can of worms and this appellate court another, which is prohibited.[4] While this may have been true as to the appeal from the juvenile court to the circuit court, it is clear that the Hart Circuit Court order addressed the issue of KRS 635.060 and its effect on detention and age limitations.[5]

However, even if the issue had not been properly preserved for appellate review to this Court, we would address the merits of the argument under RCr 10.26, the palpable error rule.

Alternatively, the Commonwealth argues that the disposition fulfilled the overall intent of the juvenile code in that it was imposed in the best interests of the child and directed towards "treatment reasonably calculated to bring about an improvement of his or her condition" citing KRS 600.010(2)(d). It also contends that any error is harmless and/or moot since N.T.G. is now over fourteen years old. While the Commonwealth's arguments are compelling, we believe the statute is controlling and must be strictly followed.

KRS 635.060 is titled "Options of court at dispositional hearing." Sections (2), (4) and (5) address probation and detention alternatives for the court to consider. Section (2), in relevant part, states that the court at the dispositional hearing may:

> (2) Place the child under parental supervision in the child's own home or in a suitable home or boarding home, upon the conditions that the court shall determine, or place the child on probation under conditions that the court shall determine. At the time the child is placed on probation, the court *shall* explain to the child the sanctions which *may* be imposed if the court's conditions are violated, and shall include notice of those sanctions as part of its written order of probation. [Emphasis added].

While this section permits probation, sections (4) and (5) specifically deal with detention in the following manner:

---

**3.** At the dispositional hearing, N.T.G.'s attorney stated she objected to the fifteen days probated because "this was his first offense and the juvenile is how old, sixteen (16) or so." She was then informed by N.T.G. that he was only 13.

**4.** *See Kennedy v. Commonwealth,* 544 S.W.2d 219 (Ky.1976); *Parker v. Commonwealth,* 465 S.W.2d 280 (Ky.1971).

**5.** The Commonwealth did not argue before the Hart Circuit Court that the issue was not preserved.

(4) If the child is fourteen (14) years of age but less than sixteen (16) years of age, order that the child be confined in an approved secure juvenile detention facility, juvenile holding facility, or approved detention program as authorized by the Department of Juvenile Justice in accordance with KRS Chapter 15A for a period of time not to exceed forty-five (45) days; or

(5) If the child is sixteen (16) years of age or older, order that the child be confined in an approved secure juvenile detention facility, juvenile holding facility, or approved detention program as authorized by the Department of Juvenile Justice in accordance with KRS Chapter 15A for a period of time not to exceed ninety (90) days[.]

Clearly, sections (4) and (5) dealing with the imposition of detention restricts this dispositional option to a child fourteen or older. Thus by statute, any child under the age of fourteen may not be placed in detention. Despite the clarity of the statute, the Commonwealth contends that the juvenile court can utilize detention for a child under fourteen as long as the detention time is probated. The Commonwealth appears to be arguing that the juvenile court can use this dispositional alternative (probated detention time) to threaten, scare or intimidate the juvenile into the proper behavior the court, the DJJ, the Commonwealth, the parents, the school or the victim deems appropriate. While we may believe the end result is commendable, unfortunately the statute does not permit such court action. KRS 635.060(2), dealing with probation, states that "[a]t the time the child is placed on probation, the court *shall* explain to the child the sanctions which *may* be imposed if the court's conditions are violated, and *shall* include notice of those sanctions as part of its written order of probation." [Emphasis added]. Obviously, a court cannot say that a child will be placed in detention for violation of a probated condition if the statute prohibits such due to his age.[6]

We believe, as the Commonwealth points out, that KRS 600.010(2)(e) sets forth the legislative intent when dealing with a child adjudicated to be delinquent (a public offender) as follows:

> KRS Chapter 635 shall be interpreted to promote the best interests of the child through providing treatment and sanctions to reduce recidivism and assist in making the child a productive citizen by advancing the principles of personal responsibility, accountability, and reformation, while maintaining public safety, and seeking restitution and reparation[.]

Clearly, such a mandate cannot include giving misleading or inaccurate information to a child or imposing meaningless threats of detention not authorized by the law. As such, we believe the juvenile court acted erroneously in imposing detention time even though the sentence was ultimately probated. It follows that the Hart Circuit Court's order affirming the juvenile court must be reversed and the matter remanded to the Hart District Court for further action consistent with this opinion.

ALL CONCUR.

---

**6.** We should point out that in *A.W. v. Commonwealth*, 163 S.W.3d 4 (Ky.2005), the Kentucky Supreme Court held that a child may be held in contempt of court for violating a condition of probation. That case would appear to permit a juvenile court to place a thirteen-year-old probated child in detention for contempt if the violation occurs after the child turns fourteen years old.