274 S.W.3d 457 (2008)
K.F., a Child Under Eighteen, Appellant,
v.
COMMONWEALTH of Kentucky, Appellee.
No. 2008-CA-000478-ME.
Court of Appeals of Kentucky.
December 19, 2008.
*458 Gail Robinson, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.
Jack Conway, Attorney General of Kentucky, M. Lee Turpin, Special Assistant Attorney General, Lexington, KY, for appellee.
Before STUMBO and THOMPSON, Judges; GUIDUGLI,[1] Senior Judge.

OPINION
STUMBO, Judge.
This appeal arises from the Fayette Family Court's commitment of K.F. to the Cabinet for Families and Children (hereinafter "Cabinet") after she was found in contempt for not following the orders of the court. She was originally adjudicated a status offender for being "beyond control of parent." K.F. argues that her commitment must be vacated because she was never charged with contempt or given notice of contempt proceedings, was refused two hearings guaranteed to her under Kentucky Revised Statutes (KRS) 610.080, that her commitment was not the least restrictive alternative, and that commitment is not a possible disposition for contempt. We find that some of her arguments have merit and her commitment must be vacated.
On June 20, 2007, K.F. was charged with fourth-degree assault after hitting her mother during a domestic dispute. K.F. later stipulated to an amended charge of beyond control of parent. Orders were entered in which K.F. was restricted in her activities and was told to follow the rules set forth by her mother, her school, and the Cabinet. The last such order was a *459 Dispositional Report made by the Cabinet which the judge adopted and signed as an order. This was entered into the record on January 2, 2008.
On February 20, 2008, K.F. and her counsel went to court for what they believed was a review, but turned out to be a probable cause and custody hearing. The hearing was called because K.F. had missed a number of days at school in violation of the January 2, 2008, order. The hearing was to determine if K.F. was in contempt of court. The court questioned K.F. about her absences and found probable cause that she was in contempt of court and set another hearing for February 27, 2008.
K.F. argues that no motion, report, or custody order regarding contempt had been filed prior to the February 20, 2008, hearing. She is correct. A social worker for the Cabinet present at the hearing apologized for not giving K.F.'s counsel any notice of the true purpose of the hearing. Additionally, there is nothing in the record indicating the Cabinet was seeking to put K.F. into custody or hold her in contempt of the court's order.
In order for any defendant to prepare and defend against allegations of contempt, proper notice must be given. Failure to give proper notice of these proceedings necessitates vacating K.F.'s commitment to the Cabinet and remanding the case to the trial court. Q.C. v. Commonwealth, 164 S.W.3d 515 (Ky.App. 2005); Commonwealth v. Burge, 947 S.W.2d 805 (Ky.1996).
K.F. also argues that her commitment should be vacated because the trial court denied her separate adjudication and disposition hearings. She is again correct. KRS 610.080 states:
Juvenile proceedings shall consist of two (2) distinct hearings, an adjudication and a disposition, which shall be held on separate days unless the child, after consultation with an attorney, waives the right to a formal predisposition investigation report and moves that the hearings be held the same day. However, if the disposition is to be commitment, the child's waiver shall not be valid without the consent of the Department of Juvenile Justice or the cabinet.
The February 20, 2008, hearing was only a probable cause hearing, not an adjudication. On February, 27, 2008, there was a hearing to determine an appropriate placement for K.F. At the beginning of the hearing, the Commonwealth waived the separate KRS 610.080 hearings and moved for the commitment of K.F. to the Cabinet. Defense counsel objected and stated that it was only the juvenile who could waive the separate hearings. The trial court overruled the objection.
Defense counsel is correct that KRS 610.080 unmistakably mandates that only the juvenile can waive separate hearings. It also states that if the disposition is to be commitment, as it was here, then the waiver must be approved by the Department of Juvenile Justice or the Cabinet. While the Cabinet might have effectively approved of the waiver, since the Cabinet's counsel is the Commonwealth, only the child can waive his or her rights. We therefore find that there should have been both an adjudication hearing and disposition hearing. This too is reason enough to vacate the commitment and remand the case to the trial court.
K.F. also claims that the court erred because commitment was not the least restrictive alternative because an aunt was willing to take K.F. Additionally, K.F. states that the court should have made findings as to why commitment was the only option. KRS 600.010(2)(c) states that *460 "[t]he court shall show that other less restrictive alternatives have been attempted or are not feasible in order to insure that children are not removed from families except when absolutely necessary."
KRS 600.020(35) states:
"Least restrictive alternative" means, except for purposes of KRS Chapter 645, that the program developed on the child's behalf is no more harsh, hazardous, or intrusive than necessary; or involves no restrictions on physical movements nor requirements for residential care except as reasonably necessary for the protection of the child from physical injury; or protection of the community, and is conducted at the suitable available facility closest to the child's place of residence.
Here, the trial court did not make any written findings or state during the hearings what alternatives had been tried. While the trial court should have done so, X.B. v. Commonwealth, 105 S.W.3d 459, 461 (Ky.App.2003), this is not fatal to the commitment.
In X.B., supra, this Court vacated a commitment because the lower court did not affirmatively state why it felt commitment was the only recourse or what less restrictive alternatives had been tried. This Court stated: "[h]ad the record clearly indicated that X.B. had been before the court on previous occasions and that the court had attempted lesser restrictive alternatives, then the result herein may have been different." X.B. at 461. Such was the case here. The record is full of second chances, house confinement, foster care, and other alternatives the Cabinet and court tried in order to help K.F. The court tried less restrictive alternatives and the record shows why commitment was the only option left for K.F. However, since we are vacating the commitment and remanding the case to the trial court, this argument is moot.
K.F.'s final argument for vacating her commitment is that commitment is not a possible disposition for contempt. We find the unpublished cases of K.M. v. Commonwealth, 2006 WL 1719752 (Ky.App. 2006), and K.A.C. v. Commonwealth, 2006 WL 2034300 (Ky.App.2006), to be helpful[2] in resolving this issue. In both cases, the juvenile argued that commitment is not a permitted disposition for a finding of contempt. In both cases this Court held "[w]e do not construe the family court's decision to commit [the child] to the Cabinet as based merely upon its finding of contempt. We, rather, construe the disposition as having been made in light of [the child's] continuing out of control conduct, the entire record, and all of the circumstances involved." K.A.C. at 6. If, on remand, the family court makes appropriate findings after properly conducted proceedings, we see no bar to commitment as an appropriate disposition on a finding of contempt.
For the above reasons we hold that K.F.'s commitment to the Cabinet must be vacated and the case remanded back to the trial court.
ALL CONCUR.
NOTES
[1] Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.
[2] Kentucky Rules of Civil Procedure (CR) 76.28(4)(c) allows us to consider unpublished cases that address an issue not found in published cases.