**Fred KENNEDY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 95–CA–3475–MR

Court of Appeals of Kentucky.

May 30, 1997.

Rehearing Denied Aug. 1, 1997.

Discretionary Review Denied by Supreme Court Nov. 12, 1997.

Bruce P. Hackett, Daniel T. Goyette, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Dina Abby Jones, Assistant Attorney General, Frankfort, for Appellee.

Before COMBS, GUDGEL and MILLER, JJ.

*OPINION*

COMBS, Judge.

The appellant, Fred Kennedy, appeals from the judgment of the Jefferson Circuit Court sentencing him to a total of nine years' imprisonment. The appellant argues that the court erroneously refused to allow him to withdraw his guilty plea. He contends that the court should have afforded him the opportunity to withdraw his guilty plea when it deviated from the Commonwealth's sentencing recommendation. We agree and reverse and remand.

On June 20, 1995, the Jefferson County Grand Jury indicted the appellant for nine counts of theft of labor over $300 and one count of theft of labor under $300. Pursuant

---

to a plea agreement, the appellant agreed to plead guilty to the charges contained in the indictment. The Commonwealth agreed to recommend a sentence of three years' imprisonment on each of the nine counts of theft of labor over $300 and twelve months imprisonment on the one count of theft of labor under $300—with all of the sentences to run concurrently for a total of three years' imprisonment. In addition to its recommendation, the Commonwealth agreed not to take a position on the issue of probation and not to indict the appellant on additional charges on the proviso that the appellant pay restitution to his victims.

On July 20, 1995, the appellant entered a guilty plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Before accepting his guilty plea, the court thoroughly advised the appellant of his rights as well as the effect and consequences of entering a guilty plea. The court specifically informed the appellant that the decision to run the sentences concurrently or consecutively was wholly a matter of the court's discretion. However, the court advised him that if it chose to reject the plea agreement, it must so inform the appellant and allow him either to persist with his plea in light of the possibility of a less favorable disposition or to withdraw his plea and proceed to trial. Satisfied that the appellant's guilty plea was voluntarily, intelligently, and knowingly entered, the court accepted his plea and scheduled the appellant's sentencing hearing for November 13, 1995.

At the sentencing hearing, the court sentenced the appellant to three years' imprisonment on each of the nine counts of theft of labor over $300 and to twelve months' imprisonment on the one count of theft of labor under $300. The court ordered the first three counts of theft of labor over $300 to run consecutively and the remaining six counts of theft of labor over $300 and the one count of theft of labor under $300 to run concurrently with the first three counts for a total of nine years' imprisonment. Upon the court's pronouncement of appellant's sentence, he made a motion to withdraw his guilty plea and to proceed to trial. The court overruled this motion. However, after discussion between the court and appellant's counsel regarding RCr 8.10, the court postponed entry of final judgment to allow the appellant the opportunity to present relevant case law on whether RCr 8.10 *required* the court to permit the appellant to withdraw his plea.

On December 8, 1995, counsel failed to produce any case law on point. Nevertheless, he continued to maintain that pursuant to RCr 8.10 the court was required to give the appellant the opportunity to withdraw his guilty plea in light of its deviation from the Commonwealth's recommendation. The court rejected the argument and entered judgment sentencing the appellant to a total of nine years' imprisonment. This appeal followed.

The appellant argues on appeal that since its 1989 amendment, RCr 8.10 *mandates* that the trial court inform a defendant of its decision not to follow the plea agreement and to allow him to withdraw his plea if he so chooses. Appellant insists that the trial court erroneously denied his motion to withdraw his plea after the court failed to sentence him in accordance with the plea agreement.

Appellant strongly relies upon *Edwardson v. Edwardson,* Ky., 798 S.W.2d 941, 945 (1990). In *Edwardson, supra,* the Supreme Court stated:

> Indeed, this Court has recently amended RCr 8.10 to permit a defendant *an absolute right* to withdraw a guilty plea in the event the trial court fails to sentence in accordance with the plea agreement. (Emphasis added).

This language occurs merely as *dicta* in *Edwardson* and is in no way linked factually to the case *sub judice.* Its precedential value here, therefore, is academic. Reliance on *Edwardson* for direct precedential guidance is misplaced due to lack of factual congruence.

RCr 8.10 provides:

> At any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted.

If the court rejects the plea agreement, the court *shall,* on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, *afford the defendant the opportunity to then withdraw his plea,* and advise the defendant that if he persists in his guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

The court can defer accepting or rejecting the plea agreement until there has been an opportunity to consider the presentence report. (Emphasis added).

Lest there be any doubt that *Edwardson* announced a firm pronouncement as to the meaning of RCr. 8.10 clothed in dicta, the Supreme Court recently clarified and re-iterated *Edwardson's* interpretation of the rule in *Haight v. Commonwealth,* Ky., 938 S.W.2d 243 (1996). The Supreme Court stated in unambiguous language that a court must permit the opportunity for withdrawal of a plea bargain if it has elected not to follow it:

By the 1989 amendment of RCr. 8.10, upon the determination of a trial court that it will not follow the plea agreement made between the prosecutor and the defendant, *the defendant has a right to withdraw the guilty plea* without prejudice to the right of either party to go forward from that point. *Commonwealth v. Corey,* Ky., 826 S.W.2d 319 (1992). (Emphasis added.)

■ The language of RCr. 8.10 is clearly mandatory and requires a court to permit a defendant to withdraw a guilty plea if the court rejects the plea agreement. We recognize that the trial court has ultimate sentencing authority and that it is not bound by the plea negotiations of the Commonwealth or the plea bargain itself. *Commonwealth v. Doughty,* Ky., 869 S.W.2d 53 (1994). However, RCr 8.10 does not usurp nor does it infringe upon this discretionary power. The rule does not require the trial court to "rubber stamp" plea agreements; the decision to accept or reject the plea agreement remains the sole province of the trial court. However, RCr. 8.10 does require the court to afford the defendant the opportunity to withdraw his plea when and if the court elects to deviate from the plea agreement.

It is not the function of this court upon review to second-guess the wisdom of permitting the plea bargaining process. It exists as a matter of judicial practice in order to expedite the disposition of heavy criminal dockets. The Commonwealth is assured that an accused will be punished—perhaps to a lesser degree than what might have been the case had it elected to prosecute to the full limit provided by statute. In the interest of either judicial or prosecutorial economy, the Commonwealth may so elect to mitigate punishment in exchange for a negotiated, certain sentence. The same balancing process is true for the criminal defendant. He may "make a deal" for a lesser punishment that is ascertainable rather than risk the full panoply of reprisals that might result from a trial on the merits. It is an exchange that the rule regulates, however, with one clear proviso: that in the event that the negotiated deal is rejected by the court, the defendant is guaranteed the right to withdraw his plea and to proceed to trial and be afforded due process of law.

The rule does not sanction nor does it permit dishonesty, subterfuge, or capriciousness by a court to entrap a defendant in a deal by granting the court unilateral power to alter a plea bargain without affording the defendant the right to abandon his plea. The rule requires nothing less than fair play and honesty on the part of the court. Society cannot be harmed by withdrawal of the plea by the defendant as he is not set free but instead must proceed to run the gauntlet of a trial with the attendant risk of the maximum punishment prescribed by statute. Indeed, as noted by the Supreme Court in *Haight, supra,* the slate is "wiped clean of the defective plea negotiations" and all involved are restored to "the status quo immediately after the indictment." *Id.* at 250. *Tabula rasa* means beginning all over again as if the plea process had never occurred at all.

A pernicious mischief would result to our entire system of jurisprudence should we adopt a dangerous "ends—justifies—the—means" approach to plea bargaining by per-

mitting a court to depart from RCr. 8.10 and to alter a negotiated plea *sua sponte* without allowing a defendant the right to withdraw his plea. No litany of incantations about whether a plea had been knowingly and voluntarily entered can camouflage the essential spirit of honesty and fair play that RCr. 8.10 requires of all the players: the Commonwealth, the criminal accused, and the court.

In the case *sub judice*, the Commonwealth and the appellant entered into a plea agreement whereby the Commonwealth agreed to recommend concurrent sentences for a sentence totalling three years' imprisonment. After reviewing the facts and circumstances of the case, the trial court elected to reject the Commonwealth's recommendation and decided instead to run the appellant's sentences consecutively for a sentence totalling nine years. Therefore, pursuant to the RCr.

8.10 mandate, the trial court had a duty to permit the appellant to withdraw his plea and to proceed to trial.

For the foregoing reasons, we reverse the judgment of the Jefferson Circuit Court and remand this case with directions that the appellant be permitted to withdraw his guilty plea and to proceed on to trial on the original charges.

All concur.