Chris JONES, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–CA–000235–MR.

Court of Appeals of Kentucky.

July 25, 2008.

Linda Roberts Horsman, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General, Joshua D. Farley, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; CAPERTON and MOORE, Judges.

*OPINION AND ORDER*

MOORE, Judge.

Chris Jones appeals the Livingston Circuit Court's judgment convicting him of flagrant non-support. Specifically, he appeals the circuit court's denial of his motion to withdraw his guilty plea and the court's failure to hold a competency hearing. Additionally, the Commonwealth moves to dismiss this appeal as moot. After a careful review of the record, we deny the motion to dismiss, affirm the circuit court's failure to hold a competency hearing, and reverse and remand the remainder of the court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jones was indicted on the charge of flagrant non-support. His counsel subsequently moved for a psychological/psychiatric evaluation because Jones intended "to rely on a defense of mental disease or defect as prescribed in KRS 504.070."

Several weeks later, the Commonwealth's written offer on a plea of guilty was entered into the record, wherein the Commonwealth offered to recommend a five-year sentence, probated for five years, if Jones pled guilty. That same day, Jones withdrew his motion for a psychological/psychiatric evaluation and moved to enter a guilty plea in accordance with the Commonwealth's offer.

During his plea colloquy, the circuit court asked Jones, *inter alia*, if he then suffered from, or if he ever suffered from, a mental disease or defect, and Jones responded that he did not. The court accepted Jones's plea and postponed sentencing for approximately one month so that a presentence investigation report could be prepared.

At the sentencing hearing, the court noted that Jones's presentence report had been reviewed and the court stated that, due to Jones's "lengthy record," it believed it was inappropriate to probate Jones's sentence. However, the court decided to continue the case for six months to see if Jones complied with his support payment obligation during that time. The court further explained that, after the six months was over, if Jones had complied with his child support obligation during those six months, the case would be continued for another six months. This would continue, and the court explained that Jones would be "in limbo" so long as he continued to pay his minimum child support obligation. However, if he failed to comply, the court stated that it would either set aside the plea and allow Jones to go to trial, or "sentence [him] without probation, depending on [Jones's] option."

After six months had passed, another hearing was held. During this hearing, Jones admitted that he had not paid child support since his initial sentencing hearing. Jones's counsel stated that if the court would grant probation, as initially recommended by the Commonwealth, Jones would prefer probation. Jones's counsel explained that if the court still decided not to grant probation, then Jones would want to withdraw his guilty plea. The Commonwealth reminded the court that Jones had not paid any child support in the last six months. Jones stated that he was hoping to seek medical attention to get help for his anxiety and depression.[1]

---

1. This appears to have been the first time that Jones made any mention of the particulars of his alleged psychiatric problems. His counsel earlier requested a psychological/psychiatric evaluation because Jones was allegedly planning to assert a defense of mental disease or defect, but it does not appear that any explanation was provided concerning the details of what that mental disease or defect allegedly was and, at his plea colloquy, after withdraw-

The court reminded counsel that it had not accepted the recommendation of probation due to Jones's criminal record. The court further opined that there was a "tacit agreement" at the original sentencing hearing wherein Jones agreed to abandon his motion to withdraw his guilty plea if the court continued the sentencing hearing so long as he paid his child support obligation. Thus, the court informed Jones that he would be sentenced that day because he had failed to pay child support. Jones was then sentenced to serve five years of imprisonment.

Jones now appeals, contending that: (1) the circuit court abused its discretion by denying his motion to withdraw his guilty plea because the court had represented to Jones that he could withdraw his plea at a later date; (2) the circuit court erred by failing to hold a competency hearing. Additionally, the Commonwealth has filed a motion to dismiss this appeal for mootness.

## II. ANALYSIS

### A. COMMONWEALTH'S MOTION TO DISMISS APPEAL

■ We will first address the Commonwealth's claim that this appeal should be dismissed as moot because Jones obtained shock probation approximately three months after the court sentenced him to five years of imprisonment. Specifically, the Commonwealth contends that this appeal is moot because Jones "received the benefit of the bargain under his plea agreement with the Commonwealth, . . . [as he was] released from his commitment to the Calloway County Jail and is now on probation for his offense." The Commonwealth notes that Jones "states that he wishes to withdraw his guilty plea and

proceed to trial at this point; however, this would be fruitless in that he has now received the sentencing he agreed to receive, and withdrawing his guilty plea would serve no purpose other than delay."

Jones opposes the Commonwealth's motion to dismiss the appeal, arguing that the Commonwealth "fails to appreciate the arguments" raised in his brief, and that the Commonwealth "ignores the fact that a motion for psychiatric examination" was filed in the trial court before Jones entered his guilty plea.

■ "A 'moot case' is one which seeks to get a judgment on a pretended controversy, when in reality there is none . . . ." *Winslow v. Gayle*, 172 Ky. 126, 188 S.W. 1059 (Ky.1916) (internal quotation marks omitted). "The classic occurrence which necessitates a court's abrogation of jurisdiction for mootness is a change in circumstance in the underlying controversy which vitiates the vitality of the action." *Commonwealth v. Hughes*, 873 S.W.2d 828, 830 (Ky.1994). "Mootness exists in the issuance of injunctions only where events make it absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Commonwealth, ex rel Stephens v. Isaacs*, 577 S.W.2d 617, 618 (Ky.App.1979) (internal quotation marks omitted).

Jones now is receiving the benefit of his bargain, *i.e.,* he is on probation, which is what the Commonwealth recommended in exchange for his guilty plea. However, Jones did not initially receive the benefit of his bargain, as the circuit court found probation to be inappropriate and sentenced Jones to serve five years of imprisonment. The court did not permit Jones to withdraw his guilty plea, which Jones

---

ing his motion for a psychological/psychiatric evaluation, Jones swore that he never had a

mental disease or defect.

claims he was entitled to do, and he apparently persists in his claim that he wants to withdraw his guilty plea, despite the fact that he is currently on shock probation. Thus, his claim is not moot. Additionally, Jones claims that a competency hearing should have been held in the circuit court. The fact that Jones is now on probation does not render his competency hearing claim moot. Therefore, the Commonwealth's motion to dismiss the appeal due to mootness is denied.

## B. JONES'S CLAIM CONCERNING FAILURE TO HOLD COMPETENCY HEARING

■ We will next address Jones's claim that the circuit court erred by failing to hold a competency hearing. Pursuant to KRS 504.090, "[n]o defendant who is incompetent to stand trial shall be tried, convicted or sentenced so long as the incompetency continues." Additionally, KRS 504.100 provides:

(1) If upon arraignment, or during any stage of the proceedings, the court has reasonable grounds to believe the defendant is incompetent to stand trial, the court shall appoint at least one (1) psychologist or psychiatrist to examine, treat and report on the defendant's mental condition.

(2) The report of the psychologist or psychiatrist shall state whether or not he finds the defendant incompetent to stand trial. If he finds the defendant is incompetent, the report shall state:

(a) Whether there is a substantial probability of his attaining competency in the foreseeable future; and

(b) What type treatment and what type treatment facility the examiner recommends.

(3) After the filing of a report (or reports), the court shall hold a hearing to determine whether or not the defendant is competent to stand trial.

■ The standard of review in a case where the circuit court failed to hold a competency hearing is: "Whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Mills v. Commonwealth,* 996 S.W.2d 473, 486 (Ky.1999) (internal quotation marks omitted).

An incompetency hearing is only required when the trial judge is presented with sufficient evidence of reasonable doubt of competency to stand trial. If no reasonable grounds exist for doubting a defendant's competency, no error occurred in not holding a hearing. Reasonable grounds must be called to the attention of the trial court or must be so obvious that the trial judge cannot fail to be aware of them.

*Lear v. Commonwealth,* 884 S.W.2d 657, 659 (Ky.1994) (internal citations omitted).

In *Bishop v. Caudill,* 118 S.W.3d 159 (Ky.2003), the Kentucky Supreme Court noted that in *Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 2685, 125 L.Ed.2d 321 (1993),

the United States Supreme Court held that a defendant is competent if he can "consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." The Court noted that a competent defendant can make a "reasoned choice" among the alternatives available to him when confronted with such crucial questions as whether he should testify, waive a jury trial, cross-examine witnesses, put on a defense, etc.

*Bishop*, 118 S.W.3d at 162–63 (quoting *Godinez*, 509 U.S. at 397–98, 113 S.Ct. at 2686).

In a competency determination, there are two matters for a court to examine:

(1) whether the defendant is sufficiently coherent to provide his counsel with information necessary or relevant to constructing a defense; and

(2) whether he is able to comprehend the significance of the trial and his relation to it. The defendant must have an ability to confer intelligently, to testify coherently, and to follow the evidence presented. It is necessary that the defendant have a rational as well as a factual understanding of the proceedings.

Would defendant recognize false testimony by a witness and would he know to advise counsel of that fact? Does he understand the roles of trial participants (i.e. that the prosecutor is his adversary, that the judge decides his fate, that his counsel acts in his best interest, etc.)? Does he understand that convictions will result in sanctions? The inquiry is a factual one that necessarily depends upon the peculiar facts and circumstances of the case.

*Id.* at 163 (internal quotation marks omitted).

Jones alleges that a competency hearing should have been held because he had moved for a psychological/psychiatric evaluation before he entered his guilty plea. His counsel's basis for filing that motion was because, at that time, Jones intended to raise a defense of mental disease or defect. However, counsel later withdrew the motion and, during the plea colloquy, Jones was specifically asked whether he currently had, or had ever suffered from, a mental disease or defect. Jones's sworn response was that he had never suffered from a mental disease or defect. Additionally, during the plea colloquy, Jones responded appropriately to the court's inquiries of him, and he provided no reason for the court to doubt his competency.

During his sentencing hearing, Jones made an unsworn statement indicating that he suffered from anxiety and depression, and he wanted to obtain medical treatment for those problems. However, this does not constitute "sufficient evidence of reasonable doubt of competency to stand trial." *Lear*, 884 S.W.2d at 659. In fact, to our knowledge, Jones provided absolutely no *evidence* that would lead the circuit court to have reasonable doubt of his competency. His counsel merely filed a motion for a psychological/psychiatric evaluation because Jones allegedly claimed he was going to rely on a defense of mental disease or defect, but this motion does not amount to "evidence." Additionally, Jones's unsworn statement during his sentencing hearing indicating that he suffered from anxiety and depression may have possibly been used as a defense to the charge against him, but it failed to show that he did not understand what was happening in the proceedings, nor did it show that he was incompetent to stand trial. Furthermore, because Jones swore during his plea colloquy that he had never suffered from a mental disease or defect, the circuit court had no reason to doubt Jones's competency. Therefore, the circuit court did not err when it failed to hold a competency hearing.

## C. JONES'S CLAIM REGARDING DENIAL OF MOTION TO WITHDRAW GUILTY PLEA

■ Finally, Jones claims that the circuit court erred when it denied his motion to withdraw his guilty plea. Pursuant to

RCr [2] 8.10,

> At any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted.

> If the court rejects the plea agreement, the court *shall,* on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, *afford the defendant the opportunity to then withdraw the plea,* and advise the defendant that if the defendant persists in that guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

(Emphasis added).

■ Thus, once a trial court has determined "that it will not follow the plea agreement made between the prosecutor and the defendant, *the defendant has a right to withdraw the guilty plea* without prejudice to the right of either party to go forward from that point." *Kennedy v. Commonwealth,* 962 S.W.2d 880, 882 (Ky. App.1997) (internal quotation marks omitted).

> The language of RCr 8.10 is clearly mandatory and requires a court to permit a defendant to withdraw a guilty plea if the court rejects the plea agreement. We recognize that the trial court has ultimate sentencing authority and that it is not bound by the plea negotiations of the Commonwealth or the plea bargain itself. However, RCr 8.10 does not usurp nor does it infringe upon this discretionary power. The rule does not require the trial court to "rubber stamp" plea agreements; the decision to accept or reject the plea agreement remains the sole province of the trial court. However, RCr 8.10 does require the court to afford the defendant the opportunity to withdraw his plea when and if the court elects to deviate from the plea agreement.

*Id.* (internal citation omitted).

In the present case, the parties agreed that if Jones pled guilty to the charge of flagrant non-support, the Commonwealth would recommend a probated sentence, and both parties abided by this agreement in open court during the plea colloquy. However, at the subsequent sentencing hearing, the court informed Jones that, due to his "lengthy record," the court believed it was inappropriate to probate his sentence. The court then informed Jones as follows: ". . . considering . . . the Commonwealth . . . recommended probation, the court is going to continue this case for a period of six months [and] if you continue [3] to comply with the payments, we'll take another look at it then." Jones's counsel responded "okay." The court then continued, stating: "Instead of having him withdraw his plea, we'll just wait and see if he can comply with the terms and continue" the case.

At the close of this original sentencing hearing, the court informed Jones as follows: ". . . you'll be in limbo as long as you can continue to make these payments. *If you don't, then the court will either set aside the plea and let you to go to trial, or I will sentence you without probation, depending on your option, okay?*"

Months later, at the continued sentencing hearing, Jones acknowledged that he had not made child support payments since the initial sentencing hearing. His counsel asked that the court grant him

---

**2.** Kentucky Rule of Criminal Procedure

**3.** Jones apparently made a child support payment shortly before the sentencing hearing.

probation, as recommended by the Commonwealth pursuant to the plea agreement, or allow Jones to withdraw his guilty plea. The circuit court stated:

the court is of the opinion that ... the court didn't accept the recommendation of probation because of your criminal record, and ... I think there was at least a tacit agreement here that day still [to] let you withdraw your plea, I don't know whether I gave you that option or not, was a tacit agreement that ... you ... were willing to go along with a continued ... sentencing, and that ... you were going to make some payments, and I feel that, because of that, the Commonwealth's no longer obligated to its recommendation. Therefore, the court must sentence you today in accordance with your plea.

Pursuant to RCr 8.10, we find that the circuit court should have permitted Jones to withdraw his guilty plea because the court declined to accept the Commonwealth's recommendation of probation made pursuant to the plea agreement. *See Kennedy,* 962 S.W.2d at 882. Further, the court explicitly stated during the original sentencing hearing that if Jones failed to continue making child support payments during the following six months, the court would either set aside his plea and let him proceed to trial, or sentence him without probation, depending on Jones's choice. The court subsequently failed to abide by this when it refused to allow him to withdraw his plea. Therefore, the court erred when it denied Jones's request to withdraw his guilty plea. *Id.*

Accordingly, we ORDER that the Commonwealth's motion to dismiss this appeal is DENIED. We affirm in part the Livingston Circuit Court's judgment, to the extent that the circuit court failed to hold a competency hearing; and reverse the remainder of the circuit court's judgment

and remand that part with instructions that Jones be permitted to withdraw his guilty plea and to proceed to trial on the charge of flagrant non-support.

ALL CONCUR.