**Heather GRIFFITH, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2013–CA–001437–MR**

Court of Appeals of Kentucky.

RENDERED: JANUARY 30, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: Heather Griffith, Fredonia, KY

BRIEF FOR APPELLEE: Jack Conway, Attorney General, M. Brandon Roberts, Assistant Attorney General, Frankfort, KY

*OPINION*

COMBS, JUDGE:

Heather Griffith appeals her conviction in the Boyd Circuit Court. After our review, we vacate and remand.

On January 23, 2012, a grand jury indicted Griffith for first-degree robbery, second-degree fleeing or evading police, and tampering with physical evidence. The Commonwealth negotiated a plea bargain with her. Originally, the Commonwealth offered a ten-year sentence for first-degree robbery. First-degree robbery is classified as a violent offense requiring that one must serve eighty-five percent of a sentence before becoming eligible for parole. Griffith rejected that plea offer, and negotiations continued.

On March 13, 2013, Griffith pleaded guilty to an amended charge of second-degree robbery, fleeing or evading police, and tampering with physical evidence. In exchange, she received a sentence of fifteen-years' incarceration. Second-degree robbery resulted in her classification as a nonviolent offender and eligibility for parole after serving only twenty percent of her sentence. The trial court entered an order imposing the bargained-for sentence and scheduling a hearing to determine whether Griffith would "receive a sentence of imprisonment, a sentence of probation, or a sentence of conditional discharge" based on a presentencing report.

The sentencing hearing was held on March 22, 2013. At the beginning of the hearing, the trial court recognized the victim of Griffith's crimes, inviting her to join the Commonwealth at counsel's table. Then the court announced that the purpose of the hearing was for sentencing and asked Griffith's counsel if there were any issues. Counsel replied that Griffith was concerned that the paperwork now indicated that she would be classified as a violent

offender. She reminded the court that the plea that had been negotiated and accepted was for a lower charge entitling Griffith to be classified as a nonviolent offender.

The court responded, "I don't agree. Uh-uh." Counsel replied, "that's what we amended." The court then asked counsel for both parties to approach the bench. The Commonwealth agreed with Griffith that her guilty plea was for second-degree robbery. The court told counsel that it wanted to insure that the victim approved of the sentence and ordered a twenty-minute recess.

When court resumed, Griffith's counsel told the court that the victim desired that Griffith serve ten years and be classified as a violent offender. The court called upon the victim to confirm. "I'm not satisfied unless you're satisfied," the court told the victim. The court then announced that the sentence was being modified and that the offer had been amended accordingly. It imposed the original offer of ten-years' incarceration for first-degree robbery—a violent offense.

On August 8, 2013, Griffith filed a motion pursuant to Kentucky Rule[s] of Criminal Procedure (RCr) 11.42 to correct the sentence and to seek specific performance of her plea agreement. The court denied the order on August 19, 2013. This appeal followed.

RCr 11.42 is a vehicle by which a convicted defendant may challenge a conviction and sentence on collateral grounds. RCr 11.42(1). Where, as here, the grounds are based on claims of ineffective assistance of counsel, the appellant must satisfy a two-prong analysis:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), adopted by *Gall v. Commonwealth,* 702 S.W.2d 37, 39–40 (Ky.1985). Both prongs must be met in order for the test to be satisfied. The *Strickland* Court also held as follows:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

When the court accepts a guilty plea, the bargain becomes a binding contract between the defendant and the government. *Hensley v. Commonwealth,* 217 S.W.3d 885, 887 (Ky.App.2007). However, the court retains the right to reject a guilty plea. RCr 8.10 sets forth the sequence of requirements entailed in a rejection:

> If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and ad-

vise the defendant that if the defendant persists in that guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

In this case, the law is clear and the facts are undisputed. Our Court has addressed this very scenario in *Kennedy v. Commonwealth*, 962 S.W.2d 880 (Ky.App. 1997). The trial court accepted Kennedy's guilty plea; he and the Commonwealth had negotiated a sentence of three-years' incarceration. However, at the sentencing hearing, the court imposed a sentence of nine-years' incarceration.

In its review, our Court held that "the language of RCr 8.10 is clearly ***mandatory*** and ***requires*** a court to permit a defendant to withdraw a guilty plea if the court rejects the plea agreement." *Id.* at 882. (Emphasis added). We cautioned as follows:

> A pernicious mischief would result to our entire system of jurisprudence should we adopt a dangerous "ends-justifies-the-means" approach to plea bargaining by permitting a court to depart from RCr 8.10 and to alter a negotiated plea *sua sponte* without allowing a defendant the right to withdraw his plea. No litany of incantations about whether a plea had been knowingly and voluntarily entered can camouflage the essential spirit of honesty and fair play that RCr 8.10 requires of all the players: the Commonwealth, the criminal accused, and the court.

*Id.* at 882–83.

█ In the case before us, the record is devoid of any indication that the court notified Griffith that she could withdraw her guilty plea upon the court's rejection. Instead, the court sent counsel to renegotiate the sentencing terms of her plea. The only basis that the record provides for the court's action was the victim's preference as to sentencing.

█ We agree with Griffith that her counsel was ineffective in participating or acquiescing in the court's action rather than asking the court to reconsider or filing a motion to withdraw her plea. Griffith's counsel failed to advise the court that the victim was not entitled to determine Griffith's sentence. While a court must be duly sensitive to a victim's concerns, it cannot abdicate its responsibility to sentence in deference to a victim's wishes. No legal authority exists for a victim to decide the sentence.

Additionally, the record provides more than reasonable probability that a different outcome would have been reached. The court imposed the very sentence that Griffith had rejected—a fact candidly acknowledged by the Commonwealth in harmony with the holding of *Kennedy,* supra. The record does not indicate that counsel filed a motion for Griffith's plea to be withdrawn. In fact, it appears that counsel encouraged Griffith to cooperate in the new arrangement. By participating in the error committed by the trial court, Griffith's counsel provided less than effective representation.

In *Elmore v. Commonwealth*, 236 S.W.3d 623 (Ky.App.2007), we held that when a court, *sua sponte*, revised the terms of a negotiated sentence after accepting a guilty plea, the defendant was entitled either to withdraw his plea or to enforce specific performance of the sentence for which he had bargained. *Elmore* is wholly applicable in this case.

We vacate Griffith's sentence and remand for proceedings consistent with this opinion.

ALL CONCUR.