# ORIGINAL

RECEIVED IN
The Court of Appeals
Sixth District

NOV 1 8 2015

Texarkana, Texas
Debra Autrey, Clerk

NO. 06-15-00038-CV

TRIAL COURT NO. 2013-09-482-CCL

FILED IN
The Court of Appeals
Sixth District

NOV 1 8 2015

Texarkana, Texas
Debra K. Autrey, Clerk

## IN THE COURT OF APPEALS
## FOR THE SIXTH SUPREME JUDICIAL DISTRICT
## TEXARKANA, TEXAS

---

### IN THE MATTER OF THE MARRIAGE OF

AMANDA CHERI BRADSHAW,
Petitioner/Appellant

AND

BARNEY SAMUEL BRADSHAW,
Respondent/Appellee

---

Appeal in Cause Number 2013-09-482-CCL
From the County Court at Law
Rusk County, Texas
The Hon. Chad Dean, Presiding Judge

---

### BRIEF FOR APPELLEE

---

BARNEY SAMUEL BRADSHAW
RESPONDENT/APPELLEE
TDCJ No. 01942978
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Page

Index of Authorities...........................................ii

Statement Of The Case..........................................2

Statement Regarding Oral Argument..............................3

Summary Of Appellee's Replies..................................3

Appellee's Reply To Appellant's First Issue....................3

    Appellant's Contention.....................................3

    Appellee's Reply...........................................3

    Argument And Authorities...................................4

        I. No Error Was Preserved..............................5

        II. There Was No Error In The Characterization
           Of The House And Real Property.....................5

Appellee's Reply To Appellant's Second Issue...................8

    Appellant's Contention.....................................8

    Appellee's Reply...........................................8

    Argument And Authorities...................................8

Prayer.........................................................9

Certificate Of Compliance......................................10

Certificate Of Service.........................................10

# INDEX OF AUTHORITIES

CASES                                                           Page

In re Marriage of C.A.S. and D.P.S., 405 S.W.3d 373
              (Tex. App.-Dallas 2013, no pet.)..............6

Neyland v. Raymond, 324 S.W.3d 646 (Tex. App.-Fort Worth 2010)..6

Salinas v. Rafati, 948 S.W.2d 286 (Tex. 1997)...................6

Toles v. Toles, 45 S.W.3d 252 (Tex. App.-Dallas 2001)...........6

Von Hohn v. Von Hohn, 260 S.W.3d 361 (Tex. App.-Tyler 2008)...5,6

Wells v. Wells, 251 S.W.3d 834 (Tex. App.-Eastland 2008)........6

Worford v. Stamper, 801 S.W.2d 108 (Tex. 1990)..................6

CODES, STATUTES & RULES

TEX. R. APP. P. 33.1(a)..........................................5

TEX. FAM. CODE ANN. § 7.001 (Vernon 2006).......................5

NO. 06-15-00038-CV

TRIAL COURT NO. 2013-09-482-CCL

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
TEXARKANA, TEXAS

---

IN THE MATTER OF THE MARRIAGE OF

AMANDA CHERI BRADSHAW,
Petitioner/Appellant

AND

BARNEY SAMUEL BRADSHAW,
Respondent/Appellee

---

Appeal in Cause Number 2013-09-482-CCL
From the County Court at Law
Rusk County, Texas
The Hon. Chad Dean, Presiding Judge

---

BRIEF FOR APPELLEE

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW BARNEY SAMUEL BRADSHAW, Respondent/Appellee, and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in opposition of the appeal in cause number 2013-09-482-CCL.

1

## STATEMENT OF THE CASE

This is an appeal from a Final Decree of Divorce entered on June 17, 2015, by the County Court at Law of Rusk County, Texas, the Honorable Chad Dean Presiding Judge. (CR1:48-51). Petitioner/ Appellant filed an Original Petition for Divorce on September 10, 2013. (CR1:5-7). The original trial was held on November 12, 2013. The trial court made its ruling, signed and entered the Final Decree of Divorce on the same day. (CR1:12-20).

Appellee appealed the original decision of the trial court to the Twelfth Court of Appeals at Tyler, Texas. Appellee challenged the trial court's division of the marital estate, the award of seperate property to Appellant, and the refusal to allow Appellee to appear in court after a request. The judgment of the Twelfth Court of Appeals was that the case be reversed and remanded to the trial court for further proceedings. (CR1:26).

Petitioner/Appellant filed a First Amended Petition for Divorce on May 12, 2015. (CR1:56-58). A hearing was held on May 4, 2015. (RR1). On May 5, 2015, the trial court entered Judge's Ruling of Property of Parties, awarding each party equal one-half interest. (CR1:30-31). On June 9, 2015, the trial court judge entered a ruling awarding 80% of the estate to Appellant and 20% to Appellee, based on a finding of fault in the breakup of the marriage. (CR1:63). The trial court made its ruling, signed and entered the Final Decree of Divorce on June 17, 2015. (CR1:64-67).

Appellee requested appointment of counsel on appeal, which the trial court denied on July 21, 2015, because he is an indigent inmate in the Texas Department of Criminal Justice. (CR1:70).

2

## STATEMENT REGARDING ORAL ARGUMENT

Appellee believes that oral argument would assist the Court in discerning the applicable case law and pertinent facts. Appellee, therefore, requests oral argument.

## SUMMARY OF APPELLEE'S REPLIES

The trial court correctly characterized and confirmed the house and real property at 78 Florey Lake, Kilgore, Texas, as community property. Appellant failed to preserve for review her complaint that the trial court erred by failing to characterize and confirm the house and real property at 78 Florey Lake, Kilgore, Texas, as the seperate property of Amanda Bradshaw. Appellant did not object to the evidence and she failed to present some of her argument to the trial court.

The trial court judge did not abuse his discretion in the division of the marital estate of the parties. Additionally, Appellant failed to present some of her argument to the trial court.

## APPELLEE'S REPLY TO APPELLANT'S FIRST ISSUE

### Appellant's Contention

"The trial court erred in failing to characterize and confirm the house and real property at 78 Florey Lake, Kilgore, Texas as the seperate property of Amanda Bradshaw." (Appellant's Brief at 7).

### Appellee's Reply

Appellant failed to preserve her issue for review because she did not object to the evidence and she failed to present some of her arguments to the trial court. Alternatively, the trial court did not err by failing to characterize and confirm the house and

3

real property at 78 Florey Lake, Kilgore, Texas as the seperate property of Amanda Bradshaw.

## Argument And Authorities

After the trial court entered a finding that the property purchased on June 22, 2012, 78 Florey Lake, Kilgore, Texas, was community property, Appellant filed a Motion to Reopen Evidence. (CR1:30-31; CR1:32-33). Appellee acknowledges that Appellant "disagree[d] with the Court's ruling characterizing the Florey Lake property as community property." (CR1:33). Afterwards, a hearing on the motion to reopen evidence was held on June 9, 2015. (RR3). At the beginning of said hearing, Appellant restated her disagreement with the trial court's characterization of said property. (RR3:4-5). Appellant then entered evidence as to the asserted fault on the part of Appellee. (RR3:5-19). Appellant allowed the hearing to conclude without obtaining a ruling from the trial court that the property at 78 Florey Lake, Kilgore, Texas, was either community or seperate proerty of Appellant. (RR3). In fact, Appellant clearly stated "[t]hat's all we have, Your Honor," at the conclusion of the hearing. (RR3:25). That same day, the trial court issued a ruling "find[ing] the real estate at 78 Florey [Lake,] Kilgore, TX is community property." (CR1:63). Due to a finding of fault in the breakup, 80% of the house was awarded to Appellant and 20% to Appellee. (Cr1:63). The trial court's ruling was delivered via fax to Appellant's trial counsel that day. (CR1:63). An entire week passed prior to the trial court entering the Final Decree of Divorce. (CR1:64-67). Appellant failed to file a motion to reconsider the characterization of the community property before

4

the final decree was filed. (CR1).

I.  **No Error Was Preserved**

To preserve a complaint for appellate review, the record **must** show the complaint was made to the trial court by a timely request, objection, or motion stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint and that the trial court ruled on the request, objection, or motion. See **TEX. R. APP. P. 33.1(a)**.

Appellant's argument on appeal, that the action of a third party insurance company cannot alter the seperate property character of real estate and that Appellee produced no documentation to corroberate his claims for reimbursement or contribution, was not mentioned at the hearings and is not the same argument to the trial court. Nothing in the record suggests that these legal arguments were apparent to the trial court. (CR1; RR2; RR3; RR4). The trial court had no opportunity to consider or rule on these arguments. (CR1; RR2; RR3; RR4). Therefore, Appellant failed to preserve these arguments for review and they should be overruled.

II.  **There Was No Error In The Characterization Of The House And Real Property**

In a decree of divorce, a court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. **TEX. FAM. CODE ANN. § 7.001** (Vernon 2006). A trial court's division of property is reviewed under an abuse of discretion standard. See **Von Hohn v. Von Hohn**, 260 S.W.3d 631, 640 (Tex.App.-Tyler 2008, no pet.). In determining whether the trial court abused its discretion, the entire record is reviewed to determine if the trial court

acted arbitrarily and unreasonably. See **Toles v. Toles**, 45 S.W.3d 252, 266 (Tex. App.-Dallas 2001, pet. denied). Legal and factual sufficiency challenges are not independent grounds for asserting error in the division of property upon divorce, but instead are relevant factors in determining whether the trial court abused its discretion. See **In re Marriage of C.A.S. and D.P.S.**, 405 S.W.3d 373, 383 (Tex. App.-Dallas 2013, no pet.). An appellate court engages "in a two-pronged inquiry to determine whether the trial court abused its discretion: (1) did the trial court have sufficient evidence upon which to exercise its discretion and (2) did the trial court err in its application of that discretion?" **Neyland v. Raymond**, 324 S.W.3d 646, 649 (Tex. App.-Fort Worth 2010, no pet.).

The trial court must have an evidentiary basis for its findings. See **Salinas v. Rafati**, 948 S.W.2d 286, 289 (Tex. 1997). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. **Von Hohn**, 260 S.W.3d at 640. When no findings of fact or conclusions of law are filed or requested, it is implied that the trial court made all the necessary findings to support its judgment. **Worford v. Stamper**, 801 S.W.2d 108, 109 (Tex. 1990). If the trial court's implied findings are supported by the evidence, an appellate court must uphold the judgment on any theory of law applicable to the case. See **Wells v. Wells**, 251 S.W.3d 834, 838-39 Tex. App.-Eastland 2008, no pet.).

On May 4, 2015, the trial court held a final hearing on the divorce. (RR2). During this hearing, Appellant testified that she

6

wanted a no fault divorce granted. (RR2:6). She also testified that the parties were married on November 13, 2010. (RR2:5). Appellant further testified that the house on Nolan Street caught fire in February 2012. (RR2:7). Claculating the time between the marriage and the fire, without consideration of the amount of time the parties lived together before marriage, indicates the parties lived together on Nolan Street as husband and wife for at least one year and three months.

When asked what she did with the insurance check, Appellant responded "I paid off the remaining mortgage balance off on that, and then purchased a new home and furniture." (RR2:7). This was a clear indication to the trial court that Appellant did not completely "own" the house on Nolan Street when she married Appellee, that Appellee was also vested in the house. Appellee testified that when Appellant's ex-husband left, the husband took everthing out of the house on Nolan Street. (RR2:13). Appellee refurnished the house on Nolan Street, purchasing TVs, furniture and even dishes. (RR2:13). In addition, Appellee testified that there was $40,000 owed on the house on Nolan Street. (RR2:15). Appellant never contradicted Appellee's assertion, which indicates that Appellee did make a contribution to the house on Nolan Street. On cross-examination Appellant testified that the check from the insurance settlement was issued in both parties names and that the proceeds from that check is what bought the property at 78 Florey Lake, Kilgore, Texas. (RR2:10). Appellant further testified that said home was bought during the marriage. (RR3:19-20).

For the foregoing reasons, Appellee respectfully asserts that Appellant's first issue should be overruled.

## APPELLEE'S REPLY TO APPELLANT'S SECOND ISSUE

### Appellant's Contention

"The trial judge abused his discretion in the division of the marital estate of the parties." (Appellant's Brief at 9).

### Appellee's Reply

The trial judge did not abuse his discretion in the division of the marital estate of the parties.

### Argument And Authorities

Once again, Appellant is dissatisfied with the division of the community property. After having been, awarded 100% of the house at Florey Lake, the Twelfth Court of Appeals reversed the trial court's judgment based on the trial court's abuse of discretion in the division of the property. (CR1:26). On remand, and after a hearing, the trial court found that the property at 78 Florey Lake was community property and awarded each party equal one-half interest. (RR2; CR1:30). Appellant then filed a motion to reopen evidence and amended her petition for divorce, this time claiming there was fault in the breakup of the marriage. (CR1:32-33; CR1:56-58). The trial court then ruled that the house and property at 78 Florey Lake was still community property, but due to a finding of fault in the breakup of the marriage the court awarded 80% of the house to Appellant and 20% to Appellee. (CR1:63). Still not satisfied, Appellant now claims an abuse of discretion by the judge.

While Appellee disagrees with the division of the community property, he asserts that the trial judge did not abuse his dis-

8

cretion.

The argument and authorities cited in the II. subsection of Issue One is incorporated hereto and applies to this issue also.

For these reasons, Appellant's second issue should be overruled.

## PRAYER

For the reasons stated herein, Appellee prays that the trial court's judgment be in all things affirmed.

Dated: **November 13, 2015.**

Respectfully submitted,

*Barney Samuel Bradshaw*

BARNEY SAMUEL BRADSHAW
APPELLEE
TDCJ No. 01942978
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief contains 193 lines of text.

*Barney Samuel Bradshaw*

BARNEY SAMUEL BRADSHAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief has been served by placing same in the United States Mail, postage prepaid, on the **13th** day of **November**, 2015, addressed to Appellant's Counsel at:

Ebb B. Mobley
Attorney At Law
P.O. Box 2309
Longview, Texas 75606

*Barney Samuel Bradshaw*

BARNEY SAMUEL BRADSHAW

9